**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | **Criminal No. _____** |
| **v.** | **:** | |
| | **:** | |
| **LARRY HARMON,** | **:** | |
| | **:** | **FILED UNDER SEAL** |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INDICTMENT
AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING
OF THIS MOTION TO SEAL AND RELATED MATTERS**

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia, respectfully moves this Court to seal this application and requested order, the Criminal Indictment, as well as all other pleadings, proceedings, records and files in this case, and for permission to disclose the existence and contents of the Criminal Indictment in the above-captioned matter, as needed, to EUROPOL, INTERPOL, and appropriate foreign authorities so that law enforcement officials in this country and in such other countries as may become necessary may further their efforts to obtain custody of the defendant. In support of this motion, the Government states as follows:

Background and Basis for Sealing

On December 3, 2019, the Grand Jury returned an original Indictment charging the above-listed defendant with Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a); Money Transmission Without a License, in violation of District of Columbia Code, Section 26-1023(c); and Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h).  An arrest warrant will be requested for the defendant as a result of the Indictment.

Sealing is necessary because the criminal indictment and related pleadings contain sensitive information, the disclosure of which would not be in the interest of the defendant, the government, or the public.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of this indictment would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential target(s) of the investigation; (3) causing prospective witnesses to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and target(s) to destroy documents and other evidence.

It is common practice for individuals associated with criminal organizations to check the Court's electronic filing system known as PACER or the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal.  In this case, the defendant is a technologically savvy individual who has operated a large-scale criminal enterprise on the Internet.  Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment, and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order.  *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

<u>Request to Share Arrest Warrant with Foreign Law Enforcement</u>

At this time, defendant is believed to maintain residences both inside United States and outside the United States, specifically, in Belize.  Accordingly, the government expects it may be necessary to seek such steps as an INTERPOL "red" notice, to seek the location and arrest of a wanted person with a view towards extradition, a provisional arrest warrant, which would allow for the defendant to be taken into custody by another country to facilitate extradition, and ultimately an extradition from a foreign jurisdiction.  All of those steps may require the government to share the indictment, related indictment affidavit, and arrest warrant with EUROPOL, INTERPOL and/or appropriate foreign authorities.  Accordingly, the government moves to seal this application and requested order, the indictment, related indictment affidavit, records, proceedings, files, and arrest warrant in the above-captioned matter, and for permission to disclose the existence and contents of the indictment, supporting affidavit, and arrest warrant in the above-captioned matter, as needed, to EUROPOL, INTERPOL and appropriate foreign authorities in order to facilitate the defendant's arrest and prosecution.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that the Court grant this motion and enter the attached proposed order.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By:      */s/ Christopher B. Brown*
         Christopher B. Brown
         Assistant United States Attorney
         D.C. Bar Number 1008763
         555 4th Street, N.W., Room 4241
         Washington, D.C.  20530
         Office:  (202) 252-7153
         Fax:  (202) 514-6010
         Christopher.Brown6@usdoj.gov