UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 19-cr-395 (BAH) |
| : | |
| LARRY HARMON, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR EMERGENCY STATUS HEARING ON THE DEFENDANT'S CONDITIONS OF RELEASE AND RESTRAINING ORDER TO PRESERVE CRYPTOCURRENCY ASSETS FOR FORFEITURE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds as follows to the Defendant's Response to the above-captioned motion, ECF No. 24.

1. The government's motion and accompanying declaration showed that the defendant controlled as many as 16 bitcoin wallets containing illegal proceeds from the operation of Helix, and that, beginning on or about April 19, 2020, 8 of the 16 wallets were liquidated and the bitcoin contained in them—valued at more than $4.9 million—was transferred to new wallets. *See* ECF No. 24-1 (Price Decl.).  The government's motion, affidavit, and the materials submitted in the defendant's detention proceeding further showed that credentials needed to access the defendant's cryptocurrency holdings can be memorized, duplicated, held in more than one location, and/or shared with a trusted third party. *See, e.g.*, ECF No. 16, at 23-24. In his response to the government's motion, the defendant did not contest any of the foregoing. *See* ECF No. 24. Indeed, the defendant *confirmed* that he has access to the passphrases to the seized Trezor

cryptocurrency storage devices[1] and otherwise could provide access to "seed words and passphrases" needed to recover his cryptocurrency holdings. ECF No. 24, at 3, 4.

2. The timing and pattern of the transactions involving Harmon Wallets 1 through 8 is highly suspicious. They occurred only after the defendant had been released on bond. They involved not just one bitcoin address, but *eight* separate addresses tied to Harmon and Helix— each with its own private key needed to execute a transaction, in addition to any seed words or passphrase security features needed to recover the private key information from wherever it is stored. It is impossible to believe that an unrelated third party coincidentally recovered Harmon's credentials for *eight* separate bitcoin wallet addresses and liquidated them, in the span of one week, and did so only after Harmon was released on bond.

3. The Court should reject the defendant's attempt to distract from his own conduct by slinging baseless accusations about government misconduct.[2] To credit the defendant's conspiracy theory, this Court would have to believe that the prosecution team in this case identified the relevant Harmon Wallet addresses during the course of the investigation, declined to seize the funds despite having the legal authority to do so, bided its time until the defendant was released on bond, surreptitiously seized the bitcoin wallets for its own purposes—and *then* drew attention to its own conspiracy, and identified all the relevant wallet addresses, by filing the instant motion with the Court. The defendant's wild claims are unsupported by even a scrap of evidence,

---

[1] The government has not specifically alleged that the 8 secret transactions from April 19, 2020 through April 24, 2020 involved wallets that are known to be stored on seized Trezor devices. *See generally* ECF No. 24-1 (Price Decl.).

[2] It is particularly ironic that the defendant cites the prosecutions of Shawn Bridges and Carl Force, as the lead investigator in those cases was the IRS-CI Washington Field Office Cyber Crimes Unit, the same unit involved in investigating and prosecuting Harmon in this case.

baselessly smear the honesty and credibility of sworn law enforcement officers (who may be called as witnesses in this case), and are beneath the dignity of an officer of this Court.[3]

4.      In any event, the government is amenable to having the defendant provide his seed words, passphrases, and otherwise being required to produce his cryptocurrency holdings (whether or not contained on seized Trezor devices or other storage media) to a law enforcement entity unaffiliated with the prosecution team—namely, the U.S. Marshals Service ("USMS") complex assets team with responsibility for cryptocurrency matters.[4]

5.      Counsel for the government has consulted with counsel for the defendant, and agreed in principle to an order by which the defendant is required to provide access to any and all cryptocurrency within his possession, custody, or control, directly to the USMS.  As of the date of this filing, however, the parties have not agreed to the specifics of such an order.

WHEREFORE, the government requests that the Court enter the amended proposed restraining order, requiring the defendant to provide access to his cryptocurrency assets directly to the U.S. Marshals Service.  The government further requests that the Court proceed with the telephonic emergency status hearing regarding the defendant's compliance with his conditions of release, currently scheduled for April 28, 2020 at 1:00 p.m.

---

[3] Under Rule 3.1 of the D.C. Rules of Professional Conduct, "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ."

[4] At the time of filing, the government has reached out to the responsible persons at USMS but has not yet been able to discuss the proposed arrangement in any detail.

        Respectfully submitted,

        TIMOTHY J. SHEA
        UNITED STATES ATTORNEY

BY:   */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        C. Alden Pelker, Maryland Bar
        S. Riane Harper, D.C. Bar No. 230233
        Trial Attorneys, U.S. Department of Justice
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 252-7153 (Brown)
        (202) 616-5007 (Pelker)
        (202) 305-2593 (Harper)
        Christopher.Brown6@usdoj.gov
        Catherine.Pelker@usdoj.gov
        Riane.Harper@usdoj.gov