**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No.  19-cr-395 (BAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **LARRY HARMON,** | : | |
| | : | |
| **Defendant** | : | |

**JOINT STATUS UPDATE AND PROPOSED MODIFIED RESTRAINING ORDER**
**TO PRESERVE CRYPTOCURRENCY ASSETS FOR FORFEITURE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, after consultation with counsel for Defendant Larry Harmon, hereby

provides the following status update to the Court regarding the restraining order to preserve

cryptocurrency assets for forfeiture in the above-captioned matter:

1.      Between April 19 and April 24, approximately 712.6 bitcoin, valued at more than

$4.9 million, were transferred from the defendant's wallets to new bitcoin wallets, previously

unknown to the government.  The government alleges that these transfers were necessarily

conducted by the defendant or someone acting at his direction and with his assistance; the

defendant denies this allegation.

2.      On April 27, the government filed a motion for an emergency status hearing and a

restraining order.  *See* ECF No. 23.  The government's motion included a proposed order that the

defendant "provide the government with access to any and all cryptocurrency within the

defendant's possession, custody, and control, including by disclosing seed recovery keys, access

to hidden wallets, and other keys needed to transfer cryptocurrency."

3.      The defendant opposed the motion and proposed order.  *See* ECF No. 24.  The government filed a reply later that day with a modified proposed order in which the defendant would turn over his cryptocurrency to the U.S. Marshals Service (USMS).  *See* ECF No. 25.  The government made the proposal based on the information that it had at the time but noted that, at the time of the filing, the government had reached out to the responsible persons at USMS but had not yet been able to discuss the proposed arrangement in detail.  ECF No. 25 at 3, fn 4.

4.      Following a telephonic status hearing on April 28, the defendant agreed to, and the Court entered, the modified order proposed by the government, directing "that the Defendant shall provide directly to representatives of the United States Marshals Service access to any and all cryptocurrency within the defendant's possession, custody, and control, including by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency."  ECF at 26.  The government noted during the hearing that it was still trying to discuss the arrangement with USMS.  The Court directed the parties to provide a status update by 12:00 EST on April 29 regarding the defendant's transfer of the funds as well as the conversations with USMS.

5.      The Government has since successfully conferred with the Complex Asset Unit of the USMS Asset Forfeiture Division, which handles the storage and disposition of forfeited cryptocurrency assets.  The office advised that, under current policy, because USMS is not a seizing agency, it would be unable to initiate a transfer using the defendant's seed phrases and keys as contemplated by the Court's order; rather, it can only issue secured, empty wallets for law enforcement to transfer lawfully seized cryptocurrency into.  USMS is currently consulting with executive management to determine whether a modification or exception to the policy could be made to allow USMS to partner with the Internal Revenue Service – Criminal Investigation (IRS-CI) on the transfer of the defendant's funds to comply with the Court's order.

6.      Because of the security protocols in place surrounding cryptocurrency transactions by USMS, any cryptocurrency transfers require USMS personnel to be physically in the office.  However, the office is currently on mandatory telework due to COVID-19 and does not have a timeframe for returning to in-office operations.  As a result, USMS does not have a timeframe for the time at which it would be able to perform a transfer, even if a policy exception were obtained.

7.      Under current policy, USMS (once back in the office) could issue an empty wallet, have the seizing agency (IRS) transfer the funds into the wallet, and then provide a confirmation to the Court and all parties that the funds are securely held in that wallet.  This scenario would require the defendant to first provide his keys, passphrases, and other means of access to IRS.

8.      After speaking with USMS, the government contacted defense counsel to advice of the update.  The government asked whether the defendant would agree to a modification of the Court's order in which the defendant would provide the information to the IRS to conduct the transfers into government-secured wallets, so that the funds can be secured and to prevent any further unauthorized transfers.  The government would then provide a report to the Court of the addresses holding the funds and balances; the wallets would be securely stored in keeping with the government's established and vetted security practices.  The Court and defense counsel would be able to monitor the addresses on the blockchain and confirm that there are no unauthorized transfers following the funds moving into government custody.  As soon as USMS returns to the office, IRS would transfer the cryptocurrency into USMS's custody, and USMS would provide a confirmation to the Court and all parties that the funds are securely held in USMS wallets.

9.      Defense counsel advised that the defendant was amenable to the proposal in order to avoid any delay in securing the cryptocurrency.

10.     Defense counsel has conveyed an encrypted PDF with access information to special agents from IRS-CI. Those agents are now in the process of assessing the provided information for the purpose of initiating transfers.

## CONCLUSION

11.     Here, the parties jointly requests entry of a modified restraining order (1) directing the defendant to provide the government with access to any and all cryptocurrency within the defendant's possession, custody, and control, including by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency; (2) directing the government to securely store that cryptocurrency and provide a report to the Court concerning the transfers, including the addresses holding the funds and their balances; and (3) directing the government to transfer the funds to the U.S. Marshals Service, who will provide a confirmation to all parties and will maintain any cryptocurrency assets produced pursuant to this Order for the pendency of this proceeding.  Such an order is necessary, as evidenced by the unauthorized transfer of funds from the defendant's wallets.  It is also undeniably reasonable, as it merely requires the defendant and government to do what they have already agreed to do.

WHEREFORE, in light of the above, the government and defense jointly request that the Court modify the restraining order as proposed in order to preserve the defendant's cryptocurrency assets for forfeiture.

Respectfully submitted,

TIMOTHY J. SHEA
UNITED STATES ATTORNEY

BY:     _____/s/_____
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        C. Alden Pelker, Maryland Bar
        S. Riane Harper, D.C. Bar No. 230233
        Trial Attorneys, U.S. Department of Justice
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 252-7153 (Brown)
        (202) 616-5007 (Pelker)
        (202) 305-2593 (Harper)
        Christopher.Brown6@usdoj.gov
        Catherine.Pelker@usdoj.gov
        Riane.Harper@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No.  19-cr-395 (BAH)** |
| | : | |
| v. | : | **FILED UNDER SEAL** |
| | : | |
| **LARRY HARMON,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

Upon consideration of the Joint Status Update and Proposed Modification of Restraining Order To Preserve Cryptocurrency Assets for Forfeiture, it is this _____ day of April, 2020, hereby

*ORDERED*, pursuant to 21 U.S.C. § 853(e)(1)(A), that the Defendant shall provide the government with access to any and all cryptocurrency within the defendant's possession, custody, and control, including by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency;

*ORDERED* that the government will securely store the cryptocurrency and will provide a report to the Court concerning the transfers, including the addresses holding the funds and their balances;

*IT IS FURTHER ORDERED* that, upon return to normal operations by United States Marshals Service, the government will transfer the cryptocurrency to the United States Marshals Service, who will provide a confirmation to all parties and who shall maintain any cryptocurrency assets produced pursuant to this Order for the pendency of this proceeding, until entry of a Final Order of Forfeiture in this case or until the above-referenced cryptocurrency assets are otherwise ordered lawfully disposed by Order of this Court.

_____
BERYL A. HOWELL
CHIEF JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA