UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LARRY DEAN HARMON,<br><br>    Defendant. | Criminal No. 2019-CR-00395 |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

  Mr. Harmon's Motion to Dismiss Counts Two and Three (ECF No. 31) and his Reply in Support (ECF No. 49) and his Motion for Release of Funds (ECF No. 32) and his Reply in Support (ECF No. 50) discussed at length the legal status and operation of Bitcoin.

  Defendant respectfully notifies the Court that today, the Office of the Comptroller of the Currency ("OCC") issued *Interpretative Letter #1170* (the "OCC Letter") a copy of which is attached hereto as Exhibit A. In general, the OCC Letter explained that national banks and federal savings associations have the authority to provide cryptocurrency custody services for their customers.

  As particularly relevant to the proceedings before this Court, the OCC Letter explained:

> 1. While cryptocurrency shares certain characteristics of these traditional types of money, the exchange mechanism is novel. The exchange mechanism for most cryptocurrencies is based on two separate underlying technologies. The first is advanced cryptography, which is used to protect information related to the cryptocurrency. Cryptography allows the creation of digital code that generally cannot be altered without the permission of the creator.
>
> The second type of technology underlying cryptocurrencies' exchange mechanism is known as "distributed ledger technology," and consists of a shared electronic database where copies of the same information are stored on multiple computers. This shared database functions as both a mechanism

      to prevent tampering and as a way to add new information to the database. Information will not be added to the distributed ledger until consensus is reached that the information is valid. (OCC Letter at 2)

2. Numerous states have adopted or proposed legislation that relates to cryptocurrency, usually exempting digital currencies from money transmitter licensing requirements and securities laws or recognizing that records secured through blockchain technology have the same legal status as written records. See Dale Werts, Blockchain & Cryptocurrency: State Law Roundup 2019 (July 18, 2019), https://www.jdsupra.com/legalnews/blockchaincryptocurrency-state-law-59816/. (OCC Letter at 4 n. 13)

3. Because digital currencies exist only on the blockchain or distributed ledger on which they are stored, there is no physical possession of the instrument. Instead, the right to a particular unit of digital currency is transferred from party to party by the use of unique cryptographic keys. (OCC Letter at 5)

Dated:  July 22, 2020

By: */s/ Jean-Jacques Cabou*

    Jean-Jacques Cabou*
    Perkins Coie LLP
    2901 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012

    Charles Flood*
    Flood & Flood
    914 Preston at Main
    Suite 800
    Houston, Texas 77002

    *admitted pro hac vice*

    Attorneys for Defendant Larry Dean Harmon

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, I filed the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing which will send such notice of filing to all filing users.

*/s/ Marie van Olffen*

138204-0001/LEGAL148951311.1