# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | No. 1:19-cr-00395 |
| § | |
| LARRY DEAN HARMON § | |

## MOTION TO RECONSIDER

TO THE HONORABLE CHIEF JUDGE BERYL HOWELL:

NOW COMES Larry Harmon, by and through his attorney, Charles Flood, and ask this Court to reconsider its previous Memorandum Opinion (D.E. 59), saying for cause as follows:

### INTRODUCTION

1. On May 20, 2020, Defendant filed a Motion to Dismiss Counts Two and Three for Failure to State an Offense and Memorandum of Points and Authorities in Support (D.E. 31).

2. Both parties extensively briefed the issues and on July 15, 2020 a hearing was held.

3. On July 24, 2020, the Court issued a Memorandum Opinion denying Defendant's motion (D.E. 59). The Court held, in part, that bitcoin is "money" pursuant to the District of Columbia's Money Transmitters Act (MTA), D.C. Code § 26-1001, et seq.

4. On September 9, 2020, the Government filed supplemental authority showing that in 2015 the Department of Insurance, Securities and Banking for the

Government of the District of Columbia (DISB) issued an opinion stating that "the department has decided not to treat virtual currency as "money" for purposes of money transmission." (D.E. 62 at 6).

## ARGUMENT

5.      **Count Three**:  The Court's conclusion that bitcoin is money pursuant to the MTA is based on an incomplete understanding of District precedent which is core to the allegation in Count Three.  As the supplemental authority by the Government shows, according to the District's own interpretation of the MTA, virtual currencies are not money. The indictment alleges that Harmon ran an online service that allowed users to "send bitcoins to designated recipients" (D.E. 1, page 2, ¶ 4). The validity of Count Three rests on the Government's theory that sending bitcoins is equivalent to sending money for purposes of the District's Money Transmission Act.  In light of the new information provided by the Government, the allegation in Count Three cannot stand as bitcoin is not money pursuant to the MTA.  The Court's Memorandum Opinion did not address the DISB's determination and must be reconsidered.

6.      **Count Two**: Count Two alleges three means of violating Section 1960 (b)(1).  It is the first of these means, failing to comply with the District of Columbia's money transmitter requirements, that must be reconsidered in light of the Government's Supplemental Information.  Like Count Three, the first manner and means of the crime alleged in Count Two turns on bitcoin being money for purposes of the MTA.  Similarly, this portion of Count Two must be reconsidered in light of the DISB's opinion.

## PRAYER

Defendant prays that this court will reconsider its prior Memorandum Opinion denying his Motion to Dismiss Counts Two and Three in with due deference to the opinion of the Department of Insurance, Securities and Banking and after so doing dismiss the first means within Count Two and Count Three in its entirety.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8877
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508
**COUNSEL FOR LARRY HARMON**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2020, I filed the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing which will send such notice of filing to all filing users.

                                        */s/ Charles Flood*
                                        Charles Flood