UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 19-cr-395 (BAH) |
| | : | |
| LARRY DEAN HARMON, | : | |
| | : | |
| Defendant | : | |

### GOVERNMENT'S SUR-REPLY
### IN OPPOSITION TO THE DEFENDANT'S MOTION TO RECONSIDER

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits the following Sur-Reply to address arguments not raised in the defendant's initial Motion To Reconsider, ECF No. 63, and raised for the first time in the defendant's Reply in Support of Motion for Reconsideration, ECF No. 74.

### ARGUMENT

The defendant has no answer to the two binding Supreme Court precedents, *Abramski v. United States*, 573 U.S. 169 (2014); and *United States v. Apel*, 571 U.S. 359 (2014), that require this Court to consider an executive agency's interpretation of a criminal statute "not relevant at all," *Abramski*, 573 U.S. at 191.  Instead, the defendant raises (at 3-6) a new argument about the Rule of Lenity.  But the accidental discovery of DISB's non-public opinion letter from 2015 does not undo the Court's statutory analysis of the MTA, and thus provides no reason to apply the Rule of Lenity where it was not otherwise appropriate.

As this Court has recognized, the Rule of Lenity is a "'secondary' rule of construction," *U.S. Parole Comm's v. Noble*, 693 A.2d 1084, 1103-04 (D.C. 1997), that applies only after the Court exhausts its ordinary interpretative tools and is still left with a "grievously ambiguous"

statute, *United States v. Burwell*, 690 F.3d 500, 515 (D.C. Cir. 2012). *See* ECF No. 59, at 31-33; *see also Callanan v. United States*, 364 U.S. 587, 596 (1961) ("The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers."). The Court properly declined to apply the Rule of Lenity in this case because "[t]he text, structure, history, and purpose of the MTA show that the MTA adopts the ordinary definition of money, which encompasses bitcoin." ECF No. 59, at 32. Thus, "Defendant's arguments do not render the MTA ambiguous enough to trigger the rule of lenity." *Id.*

Discovery of the non-public Opinion Letter does not alter this analysis; it offers nothing new for the Court to consider in interpreting the statutory text of the MTA. As the government has previously noted, the Opinion Letter relied almost exclusively on a definition from Black's Law Dictionary, which this Court has already considered and rejected in its construction of the MTA. *See* ECF No. 59, at 15 n.6.

At most, the Opinion Letter demonstrates the existence of one alternative reading of the statutory term "money." But it is well-established that the Rule of Lenity does not apply "merely because it was *possible* to articulate a construction more narrow than that urged by the Government." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (emphasis in original); *see also United States v. Jimenez*, 507 F.3d 13, 21 (1st Cir. 2007) ("But genuine ambiguity requires more than a possible alternative construction."). Nor does it apply merely because there are conflicting authorities—even conflicting judicial decisions—for, as the Supreme Court explained in *Moskal*, "[i]f that were sufficient, one court's unduly narrow reading of a criminal statute would become binding on all other courts, including this one." 498 U.S. at 108.

Nor does it matter that an alternative reading of the statute was articulated in an executive agency document. That precise argument was raised and rejected by the Supreme Court in *Abramski*. In dissent, Justice Scalia argued that the existence of prior, contrary ATF interpretations of 18 U.S.C. § 924(a)(6) was evidence that the statute was ambiguous, and therefore that the Rule of Lenity should be applied. *See* 573 U.S., at 203-05 (Scalia, J., dissenting). The majority of the Court disagreed. As the Court explained, the statutory text may reveal *some* degree of ambiguity, but it was not so ambiguous as to defeat the ordinary tools of statutory construction. *See id.* at 188 n.10 ("Although the text creates some ambiguity, the context, structure, history, and purpose resolve it. The dissent would apply the rule of lenity here because the statute's text, taken alone, permits a narrower construction, but we have repeatedly emphasized that is not the appropriate test."). This is "'one of those instances in which the dissent clearly tells us what the law is not.'" *League of Women Voters v. Newby*, 838 F.3d 1, 11 (D.C. Cir. 2016) (quoting *Kobach v. U.S. Election Assistance Com'n*, 772 F.3d 1183, 1188 (10th Cir. 2014)). If the existence of a favorable agency interpretation of a criminal statute was insufficient to trigger the Rule of Lenity in *Ambramski*, it is insufficient here.

Ultimately, the defendant appears to be confusing two distinct doctrines: lenity and retroactivity. Then-Second Circuit Judge Sotomayor warned against conflating the two doctrines in *Sash v. Zenk*, 439 F.3d 61 (2d Cir. 2006) (Sotomayor, J.). Discussing statutory retroactivity under the Ex Post Facto Clause,[1] Judge Sotomayor explained:

> There are good reasons to treat the *ex post facto* doctrine as more expansive than the rule of lenity. The rule of lenity and the *ex post facto* doctrine are related,

---

[1] As noted in the government's supplemental briefing, the Supreme Court has extended the *ex post facto* doctrine, which applies to legislative enactments, to certain "unexpected" and "indefensible" judicial decisions under *Bouie v. City of Columbia*, 378 U.S. 354, 354 (1964). *See* ECF No. 69, at 20. The defendant does not dispute that *Bouie* provides the proper framework for analyzing questions of retroactivity in this case, nor does he contend that this Court's statutory construction of the MTA was "unexpected" and "indefensible by reference to the law which had been expressed prior to the conduct in issue" under *Bouie*, *see* 378 U.S. at 354.

3

>because both are concerned with notice and fair warning.  *See United States v. Lanier*, 520 U.S. 259, 266–67 (1997).  But the two rules have different purposes.  The rule of lenity concerns situations in which a legislature fails to give notice of the scope of punishment by leaving "a grievous ambiguity or uncertainty in the language and structure of the [statute], such that even after a court has seized everything from which aid can be derived, it is still left with an ambiguous statute," *Chapman v. United States*, 500 U.S. 453, 463 (1991) . . . .  The *ex post facto* doctrine concerns situations in which the legislature gives adequate notice, but then affirmatively changes its instructions in a way that disadvantages the defendant.  In other words, the rule of lenity deals with notice that is inadequate, while the *ex post facto* doctrine deals with notice that turns out to be affirmatively and harmfully misleading.

*Id.* at 64.  Thus, "[b]ecause the inherent injustice associated with retroactivity is not present in the context of the rule of lenity, the rule of lenity is more narrowly focused than the *ex post facto* doctrine and should be more narrowly applied."  *Id.* at 65.

Judge Sotomayor's discussion in *Sash* focuses on the different ways notice is treated under the Rule of Lenity and the *ex post facto* doctrine.  Viewed through this lens, it is clear that neither doctrine applies here.  First, in declining to apply the Rule of Lenity, this Court rejected the idea that the defendant lacked adequate notice that operating a bitcoin mixer might be covered under the MTA—based on, at a minimum, "[t]he text, structure, history, and purpose of the MTA."  ECF No. 59, at 32.  The discovery of a previously unknown, non-public opinion letter cannot alter the sufficiency of notice the defendant *did* receive from those authorities.  Second, with respect to retroactivity, the defendant does not—and cannot—claim that he received "notice that turn[ed] out to be affirmatively and harmfully misleading," 439 F.3d at 64, from a non-public letter he never saw and of which he was never aware.  In other words, the defendant did not receive misleading notice, which is the only kind of notice that raises retroactivity concerns.  Thus, neither lenity nor impermissible retroactivity is implicated by the fortuitous discovery of the 2015 Opinion Letter in this case.

## CONCLUSION

For the foregoing reasons, and such other reasons as appear in the record, the defendant's Motion To Reconsider should be denied.

        Respectfully submitted,
        MICHAEL SHERWIN
        ACTING UNITED STATES ATTORNEY
        New York Bar No. 4444188

BY:   */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        C. Alden Pelker, Maryland Bar
        S. Riane Harper, D.C. Bar No. 230233
        Trial Attorneys, U.S. Department of Justice
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 252-7153 (Brown)
        (202) 616-5007 (Pelker)
        (202) 305-2593 (Harper)
        Christopher.Brown6@usdoj.gov
        Catherine.Pelker@usdoj.gov
        Riane.Harper@usdoj.gov