UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 19-cr-395 (BAH) |
| | : | |
| **LARRY DEAN HARMON,** | : | |
| | : | |
| **Defendant** | : | |

## JOINT MOTION FOR INTERLOCUTORY SALE

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, and the defendant, by and through his counsel, respectfully submit the following Joint Motion for Interlocutory Sale:

1. The parties respectfully move this Court for an Order for Interlocutory Sale, directing the defendant, Larry Dean Harmon ("Harmon" or the "defendant"), to sell the following real properties that are subject to forfeiture in this case:

   a. The real property located at 351 N Messner Rd, Akron, Ohio, more particularly described as all of Lot Number 91 and East ½ of lot 92 front and rear in the Nimisila Heights Second Addition as recorded in Plat Book 43, Page 25 of Summit County Records (the "351 N Messner Road Property"); and

   b. The real property located at 3838 Brecksville Road, Richfield, Ohio, more particularly described as Lot Number 21, Tract 1, Parcel Number: 50-00947 (the "3838 Brecksville Road Property") (collectively, the "Subject Properties").

2. On December 3, 2019, a federal grand jury in the District of Columbia returned an indictment (the "Indictment") against the defendant on charges of Conspiracy To Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a); and Money Transmission Without a License, in violation of D.C. Code § 26-1023(c). The Indictment contained a Forfeiture Allegation seeking forfeiture of "any property, real or personal, involved in" the money laundering and unlicensed money transmitting business offenses, including "any property traceable thereto," pursuant to 18 U.S.C. § 982(a)(1). The Indictment also listed three real properties, including the 351 N Messner Road Property, as specific property subject to forfeiture.

3. On February 5, 2020, the government filed Notices of Lis Pendens on three real properties, including the 351 N Messner Road Property and the 3838 Brecksville Road Property.

4. On August 17, 2020, the government filed a Notice of Bill of Particulars for Forfeiture, ECF No. 61, listing the 351 N Messner Road Property and the 3838 Brecksville Road Property, among others, as specific property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

5. The defendant has expressed concern about his ability to pay property taxes and other expenses associated with the 351 N Messner Road Property and the 3838 Brecksville Road Property during the pendency of this proceeding.

6. Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure authorizes this Court to order the interlocutory sale of property subject to forfeiture:

> **Interlocutory Sale.** At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

7. In turn, Supplemental Rule G(7) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the

"Supplemental Rules"), allows the Court to order interlocutory sale of property for good cause if certain conditions are met.  Those conditions include where "the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action," "the expense of keeping the property is excessive or is disproportionate to its fair market value," "the property is subject to a mortgage or to taxes on which the owner is in default," or "the court finds other good cause."  Supp. Rule G(7)(b)(i)(A)-(D).

8. The sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person that the court designates.  Supp. Rule G(7)(b)(ii).  If the sale is uncontested, the parties may agree to the procedures and conditions of the sale.  Supp. Rule G(7)(b)(iii).

9. When the sale is made, the sale proceeds will be considered a "substitute res" subject to forfeiture in place of the property that was sold.  The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.  Supp. Rule G(7)(b)(iv).  If, at the conclusion of the defendant's trial, the Court orders the forfeiture of the sale proceeds, the property will be disposed of as provided by law.  Supp. Rule G(7)(c).

10. The parties respectfully submit that there is good cause to proceed with an interlocutory sale of the Subject Properties.  The defendant claims financial difficulty paying property taxes and other expenses associated with the maintenance of the Subject Properties.  Interlocutory sale of the Subject Properties would avoid deterioration and waste.  *See, e.g.*, *United States v. Gohar*, 2018 WL 3031543 (E.D. Cal. June 15, 2018) (approving interlocutory sale of real property "to avoid a risk of deterioration" where property was subject to mortgage on which the owner was in default); *United States v. 6544 Sni-A-Bar-Road*, 2019 WL 1255278 (D. Kan. Mar. 19, 2019) (approving contested interlocutory sale of real property where property taxes had been

unpaid for more than three years and fees and interest continued to accrue). It is in the interest of both the defendant and the government to preserve the value of the Subject Properties through interlocutory sale.

11.     The parties agree that it would be most efficient to allow the defendant to sell the Subject Properties directly, pursuant to Court order. The Court's order would further direct the defendant to arrange for the net sale proceeds to be deposited upon closing directly into an account designated by the government, specifically, the Treasury Forfeiture Funds Suspense Account.

WHEREFORE, the parties move that the Court enter the attached Order granting the Motion for Interlocutory Sale pursuant to Rule 32.2(b)(7).

                Respectfully submitted,

                MICHAEL R. SHERWIN
                ACTING UNITED STATES ATTORNEY
                New York Bar No. 4444188

By:     /s/ *Christopher B. Brown*
                Christopher B. Brown, D.C. Bar No. 1008763
                Assistant United States Attorney
                555 4th Street, N.W.
                Washington, D.C. 20530
                C. Alden Pelker, Maryland Bar
                S. Riane Harper, D.C. Bar No. 230233
                Trial Attorneys, U.S. Department of Justice
                1301 New York Ave., N.W., Suite 600
                Washington, D.C. 20005
                Phone:  (202) 252-7153 (Brown)
                Fax:  (202) 514-6010
                Christopher.Brown6@usdoj.gov
                *Counsel for the United States*


                */s/ Charles Flood (with permission)*
                Charles Flood
                Flood & Flood Law Office
                914 Preston at Main, Suite 800
                Houston, TX 77002
                Phone:  (713) 223-8877
                Fax:  (713) 223-8877
                charles@floodandflood.com
                Texas Bar License# 00798178
                Fed I.D. 22508
                *Counsel for the Defendant Larry Dean Harmon*