**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:19-cr-00395 |
| | § | |
| LARRY DEAN HARMON | § | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PORTIONS OF COUNT TWO AND
<u>COUNT THREE AS VOID FOR VAGUENESS</u>**

TO THE HONORABLE CHIEF JUDGE BERYL HOWELL:

COMES NOW, LARRY HARMON, by and through his attorney, Charles Flood, and respectfully submits his reply to the Government's Opposition to Defendant's Motion to Dismiss Portions of County Two and County Three as Void for Vagueness (ECF No. 87).

**I.     INTRODUCTION**

Despite the Government's concerns, the Court and the Government need not guess as to Harmon's vagueness challenge. As the Government points out in the first line of their introduction, Mr. Harmon asks this Court to declare the Bank Secrecy Act (BSA) and the District of Columbia's Money Transmitting Act (MTA) "unconstitutional as applied" to Harmon's alleged conduct.  A large portion of the Government's Response addresses the facial validity of the MTA and the BSA, but this is far afield from Mr. Harmon's claim. The entirety of Mr. Harmon's claim is that the MTA and the BSA are unconstitutional as applied to his conduct of "tumbling" bitcoins.  Mr. Harmon was under no notice that either of these Acts would apply to a bitcoin-for-bitcoin swap that occurred solely on the global

bitcoin ledger and which involved no national currency or fiat. Similarly, the MTA and the BSA are sufficiently vague that from the period of activity within the indictment neither provided sufficient clarity to law enforcement or triers of fact regarding their application to bitcoin tumbling.

An as-applied challenge is different than a facial vagueness challenge and seeks a narrower remedy. *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331, 130 S. Ct. 876, 893, 175 L. Ed. 2d 753 (2010); *citing  United States v. Treasury Employees*, 513 U.S. 454, 477–478, 115 S.Ct. 1003, 130 L.Ed.2d 964 (1995) (contrasting "a facial challenge" with "a narrower remedy").  A facially invalid statute is one where "no application of the statute would be constitutional." *See Sabri v. United States*, 541 U.S. 600, 609 (2004). An "as applied" challenge is a more limited question, asking not whether the statute is so facially vague that it cannot be applied in any case, but whether it is constitutional in relation to the alleged activity. *See Edwards v. D.C.*, 755 F.3d 996, 1001 (D.C. Cir. 2014)("Conversely, to prevail on an as-applied First Amendment challenge, Appellants must show that the regulations are unconstitutional as applied to their particular speech activity.")  Mr. Harmon does not seek the "sweeping constitutional ruling" the Government seeks to avoid; he seeks only to declare the application of these particular portions of the MTA and the BSA unconstitutional as applied to his alleged conduct.

The Government's claim that it "is almost impossible" for it to respond to the Motion because Mr. Harmon does not highlight specific words he claims are vague is without merit.  Nowhere has this Court, the D.C. Circuit, or the Supreme Court said that a vagueness challenge must identify specific words in a statute whose meaning, in isolation,

is unknown and which, therefore render the statute unconstitutionally vague. Rather, the Supreme Court "has held that the Due Process Clause prohibits the Government from taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017) (internal citation and quotation omitted).  And the Court has explained that "[l]aws that regulate persons or entities… must be sufficiently clear that those enforcing the law do not act in an arbitrary or discriminatory way." *Id.* (internal citation and quotation omitted).

## II.    ARGUMENT

### A. The District of Columbia Money Transmitter Act is vague as applied.

Mr. Harmon was not on sufficient notice that the act of "tumbling" bitcoin could violate the District of Columbia Money Transmitter Act (MTA).  The fact that the District of Columbia Department of Insurance and Banking (DISB) itself did not consider this to be money transmission is strong evidence that, at a minimum and even if DISB was wrong, an ordinary person cannot have had "fair notice" that what he was doing was unlawful. This is not "all things to all people."  If the very people in charge of enforcing the statute cannot agree on what it means, how can people of ordinary intelligence be expected to know?  Further, this Court's previous ruling on the Rule of Lenity does not change the constitutionally compelled conclusion that the MTA is vague as applied.

Lastly, despite the Government's contention that Mr. Harmon does not challenge the "arbitrary enforcement" prong of the "void for vagueness" doctrine - Harmon clearly

stated that a statute is void for vagueness when it "fails to set reasonably clear guidelines for law enforcement officials and triers of fact." In fact, this type of vagueness is particularly clear in the present case as it relates to the MTA. As Mr. Harmon previously pointed out, the statutory entity in charge of interpreting and enforcing the MTA interprets the statute differently than this Court. The disagreement between law enforcement and triers of fact is clear and actual in the present case.

**B. The Bank Secrecy Act is vague as applied.**

Mr. Harmon had insufficient notice that a bitcoin-to-bitcoin swap occurring solely on the internet based global ledger would constitute money transmission or operating a money transmitting business under the BSA. There was no prior guidance from any government entity or court to suggest that this conduct would invoke the BSA. As a general matter, the bitcoin industry and bitcoin enthusiast closely follow the decision and rulemaking which dictate the rules of their nascent industry. *See e.g.*, Kevin Helms, *"US Treasury Unveils Stifling Crypto Wallet Regulation — Experts Break Down the Rules"*, Bitcoin.com (Dec. 19, 2020), (https://news.bitcoin.com/us-treasury-cryptocurrency-wallet-regulation-experts-break-down-rules/). These market participants and followers closely follow the state of the law and the actions of law enforcement while working hard to maintain privacy from what they consider to be governmental intrusion. *See* Michael J. Casey, "*Privacy Is Vital to Crypto – And the Global Economy*", COINDESK (June 26, 2018), (https://www.coindesk.com/privacy-vital-crypto-global-economy); (Casey, chairman of CoinDesk's advisory board and a senior advisor for blockchain research at MIT's Digital Currency Initiative posits that privacy in a bitcoin transaction is foundational to freedom

and a healthy economy). Even in the "information rich" bitcoin realm, there was no indication that tumbling bitcoin could be a potentially illegal act. In fact, bitcoin tumbling was seen important to protect the privacy of the individuals involved. *See* Jamie Redman, "*Tumbling Bitcoins: A Guide Through the Rinse Cycle,* Bitcoin.com (July 21, 2016), (https://news.bitcoin.com/tumbling-bitcoins-guide-rinse-cycle/). The logical conclusion that a bitcoin-to-bitcoin swap would not amount to "money transmission" is also supported by the underlying facts of all the prior bitcoin cases cited by the Government. Each of the cases punished a financial transaction that had a national currency component. *United States v. Faiella*, 39 F. Supp. 3d 544, 546 (S.D.N.Y. 2014) – (Defendant received United States currency and in turn funded his customer's Silk Road bitcoin wallet); *United States v. Murgio*, 209 F. Supp. 3d 698, 707 (S.D.N.Y. 2016) – (Defendant operated an online currency exchange that bought and sold virtual currency in exchange for United States currency); *United States v. Mansy*, No. 2:15-cr-198, 2017 WL 9672554 (D. Me. May 11, 2017)(Defendant bought and sold bitcoin in exchange for United States currency). With no guidance from FinCen and no applicable precedent, Mr. Harmon was under no notice that the alleged conduct could qualify as a money transmitting or engaging in a money transmitting business pursuant to the Bank Secrecy Act.

## III.   Conclusion

For the foregoing reasons, this Court should dismiss Count Two (a) and (b) and Count Three of the indictment as being void for vagueness.

Respectfully submitted,


/s/ Charles Flood
Charles Flood
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 fax
Email: charles@floodandflood.com
Federal I.D. No. 22508




## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 20201, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Charles Flood
Charles Flood