UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 19-cr-395 (BAH) |
| | : | |
| LARRY HARMON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION IN LIMINE TO PERMIT
GOVERNMENT AGENT TO REMAIN AT COUNSEL TABLE DURING TRIAL**

The United States of America, by and through its counsel, the Acting United States Attorney for the District of Columbia, respectfully moves this Court to allow a government case agent to remain at counsel table throughout trial.

Federal Rule of Evidence 615 mandates, upon motion, the sequestration of the witnesses in any case. Excluded from mandatory sequestration, however, is "an officer or employee of a party which is not a natural person, after being designated as its representative by its attorney." Fed. R. Evid. 615(b). A government case agent falls within this exception. *See United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983) ("It has been authoritatively determined, based on the legislative history of the Rule, that a government investigative agent involved in a criminal prosecution . . . is within this exception"); *United States v. Gonzalez*, 918 F.2d 1129 (3rd Cir. 1990) ("Many circuits recognize a 'case agent' exception to the typical rule of sequestration, basing the exception on Rule 615. These cases hold that the government case agent responsible for a particular investigation should be permitted to remain in the courtroom, even though the agent will often testify later on behalf of the government. Such an exception is envisioned by Rule 615(2), and it is further supported by legislative history.") (internal citations omitted); *United States v. Perry*, 643 F.2d 38, 53 (2d Cir. 1981) ("The legislative history of Rule 615 makes it clear

that a governmental investigative agent, even though he is also a witness, may be designated to sit at the Government counsel's table."). As noted in the Senate Judiciary Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in—he always has the client with him to consult during trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.
>
> This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U.S. Code Cong. & Admin. News 1974, pp. 7051, 7073, reprinted in Fed. R. Evid. 615, Advisory Committee Notes to 1974 Enactment. The D.C. Circuit recognized that government case agents fall within the heartland of this exception to the sequestration rule in *Queen v. WMATA*, 842 F.2d 476, 485-86 (D.C. Cir. 1988), affirming a district judge's refusal to exclude a WMATA bus driver, who was a designated representative of the defendant entity in a civil suit, from the courtroom. In so holding, the D.C. Circuit relied on the fact that the "advisory committee notes accompanying [Rule 615] . . . cite with approval the practice of allowing government counsel to have investigative agents, who also will serve as witnesses, at counsel table at trial." *Id.* at 486.

The Fifth Circuit's decision in *In re United States*, 584 F.2d 666 (5th Cir. 1978), suggests that the government's ability to designate a case agent as a party representative under Rule 615 is a matter of right, not the Court's discretion. There, the Fifth Circuit held that a trial judge erred in

excluding a federal agent from the courtroom after the prosecution had designated him as its representative pursuant to then-Rule 615(2). As the Fifth Circuit explained, "the *clear mandate* of the rule, reinforced by expressed legislative history controls our decision here." *Id.* at 667 (emphasis added); *see also* Fed. R. Evid. 615 (stating that "rule *does not authorize* excluding" designated party's representative) (emphasis added).

The need for a government agent to sit at counsel table during trial is particularly pronounced here, where the trial concerns a long-running investigation into complex cryptocurrency money laundering and other illicit activity on the darknet. *See* Fed. R. Evid. 615, Advisory Committee Notes to 1974 Enactment (case agent's presence may be important where case is "complex" or "involves some specialized subject matter").

## **CONCLUSION**

For the foregoing reasons, a government case agent should be allowed to remain at counsel table throughout trial.

        Respectfully submitted,
CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

BY:    */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov