## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal No. 19-cr-395 (BAH)** |
| | : | |
| LARRY HARMON, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby provides notice of its intent to introduce expert testimony pursuant to Fed. R. Evid. 702, 703, and 705, and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

### INTRODUCTION

1.      The defendant, Larry Dean Harmon ("Harmon" or the "defendant") is charged with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a); and Money Transmission Without a License, in violation of D.C. CODE § 26-1023(c).  As summarized in the Indictment and in pretrial briefing, the Indictment arises from Harmon's operation of a darknet cryptocurrency money laundering and money transmission service known as Helix from 2014 through 2017.

2.      The evidence in this case centers around darknet markets and cryptocurrency – complex, technical, and specialized topics that are likely not within the common knowledge of the average juror.  The evidence also will include significant evidence retrieved through forensic

review of the voluminous electronic evidence obtained during the course of the investigation. As explained below, such topics are suitable for expert testimony.

3.      Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Expert testimony is appropriate if specialized knowledge will assist the jury "to understand the evidence or to determine a fact in issue." *United States v. Eiland*, No. 04-379 RCL, 2006 WL 2844921, at *5 (D.D.C. Oct. 2, 2006), *aff'd*, 738 F.3d 338 (D.C. Cir. 2013).

4.      A witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.* (citing Fed. R. Evid. 702).

5.      In order to qualify as an expert and offer expert testimony, a witness must possess "knowledge, skill, experience, training, or education" on the subject about which he is testifying. Fed. R. Evid. 702.   The advisory committee's notes to Rule 702 specifically contemplate government agents with "extensive experience" serving as experts on issues within their unique purview.  *See* Fed. R. Evid. 702 advisory committee's note.

## **EXPERTS**

6.      Below is a list of expert witnesses the United States intends to call and a summary of their testimonies.  Those qualifications, along with review and analysis of relevant reports, facts, and evidence, set forth the bases for their opinions.

**Alexandra Comolli**

7.     The government intends call Alexandra Comolli as an expert witness on darknet marketplaces, Tor, virtual currency, and blockchain analysis, including clustering.[1]  Ms. Comolli has worked with the Federal Bureau of Investigation (FBI) since 2012.  As of the time of this filing,[2] she is employed as a Staff Operations Specialist with the FBI Criminal Division, serving as the FBI's subject matter expert (SME) on darknet-based transnational organized crime and a primary SME on virtual currency.  Ms. Comolli founded and co-led the FBI's Dark Web Working Group and founded and led the Hidden Services Action Team, a multi-agency, multi-national group providing strategic coordination on disrupting illicit darknet markets operating as Tor hidden services.  Ms. Comolli has developed FBI procedures for cryptocurrency tracking, search, and seizure and has extensive case experience in such matters.  She has been involved in numerous significant criminal investigations of darknet marketplaces and provides support to cases across the country requiring complex blockchain analysis. Ms. Comolli's additional training qualifications and certifications are detailed in her curriculum vitae, which is being provided to defense counsel under separate cover.

8.     Ms. Comolli is expected to provide testimony explaining Tor and hidden services, as well as the darknet market ecosystem.  Ms. Comolli is expected to also explain bitcoin, including how bitcoin transactions are conducted, and how transactions can be traced on the blockchain.  Ms. Comolli's testimony will include a discussion of the *modus operandi* of criminals operating on the darknet, including common money laundering techniques used to complicate blockchain analysis.

---

1 Other government witnesses, who are not being noticed here, will also provide testimony regarding darknet marketplaces, virtual currency, exchanges, and blockchain analysis.  Their testimony, however, will be as fact witnesses based on their personal knowledge and conduct of the investigation, not as expert testimony as defined in Fed. R. Evid. 702.
2 Ms. Comolli is expected to be in a new role with the U.S. Attorney's Office for the Southern District of Florida as of the date of trial.

Ms. Comolli is also expected to testify regarding clustering, a blockchain analysis technique that identifies linked addresses held by an individual or organization.[3]   Ms. Comolli will testify regarding the clusters of addresses held by several darknet marketplaces and other relevant entities.

9.    Ms. Comolli will serve as both a fact and expert witness.  Ms. Comolli conducted undercover transactions on Helix and also performed blockchain analysis in support of the Helix investigation.

**Matt St. Jean**

10.    The government intends to call Matt St. Jean as an expert witness.  Mr. St. Jean is a Special Agent and Computer Investigative Specialist at the Internal Revenue Service (IRS) – Criminal Investigation, and has been so employed since 2009.  Prior to his role with IRS, Mr. St. Jean worked as a Computer Forensic Agent with the U.S. Department of State, and previously as a Forensic Consultant in the private sector.  Mr. St. Jean holds multiple computer forensics certifications, including certification as a Certified Forensic Computer Examiner (CFCE).  Mr. St. Jean has particular expertise reviewing electronic evidence tied to cryptocurrency and is considered an IRS SME for virtual currency, virtual currency-related forensics review, and virtual currency seizures.  Mr. St. Jean has assisted in the identification and seizure of billions of dollars worth of cryptocurrency, often involving identification of and subsequent restoration of seed words to their corresponding wallets and identifying passwords for protected wallets.  Mr. St. Jean has been recognized for his considerable accomplishments through numerous awards, including a 2020 award from IRS for Cryptocurrency Support to the Field.  Mr. St. Jean's additional training

---

3 The Government may also seek to offer expert testimony regarding blockchain analysis and clustering through a second witness from a private sector blockchain analytics firm.  If the Government does determine that such testimony would be helpful to the jury, the Government will file a supplemental notice and provide the requisite information to defense counsel.

qualifications and certifications are detailed in his curriculum vitae, which is being provided to defense counsel under separate cover.

11.     Mr. St. Jean is expected to provide testimony about the methods he employed to examine devices seized from the defendant and other devices containing evidence relevant to this case.  He is expected to identify particular data that he viewed and extracted from those devices. Mr. St. Jean is expected to explain the metadata associated with certain files and related significance to the investigation.  Mr. St. Jean will also testify regarding the retrieval of evidence related to cryptocurrency wallets found on the defendant's devices and on specialized hardware wallets.  Mr. St. Jean will provide testimony explaining basic cyber concepts and terms, including application programming interfaces (APIs) and scrapers.  Mr. St. Jean is also expected to explain certain scripts or pieces of code found on the defendant's devices.

**Bank Secrecy Act and Money Laundering Expert**

12.     The government intends to call an expert on the Bank Secrecy Act, money transmission, and money laundering.  The government is still in the process of identifying a witness with the requisite expertise who is available during trial.  Once that witness is identified, the government will file a supplemental notice and will provide the expert's information to defense counsel.

**Additional Forensic Experts**

13.     The government is separately filing a motion seeking to authenticate certain electronic evidence through certifications that comply with the requirements of Federal Rules of Evidence 902(11), 902(13), 902(14), and/or 18 U.S.C. § 3505.  If the defendant objects to the use of certifications to authenticate those records and the Court denies the government motion, the government will need to call additional witnesses to testify regarding the process through which

information from various electronic devices or files was reliably retrieved and/or copied. These witnesses may need to be noticed as experts in computer forensics. The government may therefore supplement and amend this notice as trial approaches and will provide reasonable notice before trial.

## <u>CONCLUSION</u>

The government respectfully submits that the testimony of the above experts will help the jury understand the evidence in this case.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By:     /s/ *C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
1301 New York Ave. N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No. 19-cr-395 (BAH)** |
| | **:** | |
| **LARRY HARMON,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

## ORDER

Upon consideration of the government's Notice of Intent to Provide Expert Testimony, any opposition thereto, and such evidence and argument as has been presented at any hearing on the motion, it is this _____ day of _____, 2021, hereby

ORDERED, that the motion is GRANTED.

_____
BERYL A. HOWELL
CHIEF JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA