## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:19-cr-00395 |
| | § | |
| LARRY DEAN HARMON | § | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO ADMIT OTHER-ACT EVIDENCE AS INTRINSIC EVIDENCE OR UNDER FED. R. EVID. 404(b)

NOW COMES Larry Harmon, by and through his attorney, Charles Flood, and submits this response to the government's motion to admit other-act evidence either as intrinsic to the charged offenses or under Fed. R. Evid. 404(b).  Doc. 73.

The government's motion does not specify the evidence at issue; instead, it lists two broad categories.  Some evidence within those categories is undoubtedly admissible.  Other evidence may well not be.  Because the admissibility of the evidence the government ultimately offers will turn on the specifics of that evidence and the circumstances at trial, the Court should defer the government's motion and rule on the evidence as it is offered. *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 175 (D.D.C. 2015) (court has discretion to "defer[ in limine motions] until trial when decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole") (quotation and brackets omitted), *vacated in part on other grounds*, 902 F.3d 285 (D.C. Cir. 2018).

We comment below on the legal framework that will govern the Court's determination whether to admit any other-act evidence the government ultimately offers.

Although that framework contemplates discretionary decisions by the Court, particularly under Fed. R. Evid. 403, one clear line can be drawn:  contrary to the government's suggestion, Doc. 73 at 6, 13, the potential relevance of Category B evidence ("Other Financial Crimes") to the jury's forfeiture determination has no bearing on whether that evidence should be admitted at trial.  Under Fed. R. Crim. P. 32.2(b)(1) and (b)(5), the forfeiture determination will occur in a separate proceeding following a guilty verdict.[1] To the extent the Category B evidence bears on the alleged nexus between any offenses of conviction and property the government seeks to forfeit, the government can offer the evidence in the forfeiture proceeding.  *See* Fed. R. Crim. P. 32.2(b)(1)(B).

## ARGUMENT

### I.     THE STANDARDS GOVERNING INTRINSIC EVIDENCE.

The D.C. Circuit "has held that 'evidence is not generally rendered intrinsic simply because it completes the story or explains the circumstances behind a charged offense.'" *Mosquera-Murillo*, 153 F. Supp. 3d at 180 (quoting *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015)).  "Instead, intrinsic evidence is generally limited to 'acts that are part of the charged offense or some uncharged acts performed contemporaneously with the

---

[1] *See, e.g., United States v. Meffert*, 2010 U.S. Dist. LEXIS 55412, at *51 (E.D. La. June 7, 2010) ("[T]he parties do not dispute that the Defendants are entitled to a separate proceeding to determine forfeiture and that they have a right to a jury determination on the issue."); *United States v. Dolney*, 2005 U.S. Dist. LEXIS 9053, at *29 (E.D.N.Y. May 3, 2005) ("Bifurcating the determinations of guilt and forfeiture ensures that the jury is neither distracted nor influenced by considerations of the defendants' potential punishment."); *see also United States v. Cantu*, 167 F.3d 198, 207 (5th Cir. 1999) ("To ease the jurors' task in determining guilt or innocence, the forfeiture issue should be withheld from them until after they have returned a general verdict.") (quotation omitted).

charged crime if they facilitate the commission of the charged crime.'"  *Id*. (quoting *Bell*, 795 F.3d at 100) (internal quotations and brackets omitted).

Under this standard, some of the government's proposed evidence may be intrinsic. For example, some evidence concerning Harmon's involvement with Grams (Category A) will undoubtedly be admitted in connection with witnesses' testimony concerning Helix. On the other hand, it is hard to see how evidence concerning Harmon's alleged involvement in "Mr. Nice Guy" (Doc. 73 at 5-6) meets the D.C. Circuit's definition of intrinsic evidence. The same goes for much of the "Other Financial Crimes" (Category B) evidence that the government will offer.  For example, the government refers to a series of events that allegedly occurred after Helix closed (and the charged offenses ended) in 2017.  Doc. 73 at 8-9.  Those alleged events plainly are not "part of the charged offense" (because they occurred after those offenses had ended), nor are they "uncharged acts *performed contemporaneously with the charged crime*" that "facilitate[d] the commission of the charged crime."  *Mosquera-Murillo*, 153 F. Supp. 3d at 180 (emphasis added; quotation omitted).

## II.     THE STANDARDS GOVERNING RULE 404(b) EVIDENCE.

Rule 404(b) "bars the admission of a defendant's other 'crime, wrong, or other act' where this evidence is offered to 'prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'"  *Id*. at 177 (quoting Fed. R. Evid. 404(b)).  **"Such evidence may be admitted for 'another purpose' as long as** the government provides notice of its intent to offer the evidence and, when requested, guidance is provided to the jury in the form of limiting instructions."  *Id.* (quoting Rule

404(b).  "Examples of other purposes for which such evidence may be admitted are enumerated in the Rule, including: 'proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"  *Id.* (quoting Rule 404(b).  "Thus, '[u]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character.'"  *Id.* (quoting *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (emphasis in original; internal quotation omitted)).

Although Rule 404(b) is "a rule of inclusion rather than exclusion," *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), it does not extend to evidence that is relevant to a permissible purpose only through a chain of inferences that includes the defendant's propensity.  As the Tenth Circuit has explained, "evidence is admissible under Rule 404(b) only if it is relevant for a permissible purpose *and that relevance does not depend on a defendant likely acting in conformity with an alleged character trait.*"  *United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009) (emphasis added).

Other courts have similarly required that other act evidence be relevant to a permissible purpose without any propensity-based inferences.  *See, e.g., United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc) (Rule 404(b) "allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning").  Thus, the government must "explain how [the other act evidence] fits into a chain of inferences--a chain that connects the evidence to a proper purpose, *no link of which is a forbidden propensity inference.*"  *United States v. Caldwell*, 760 F.3d 267, 277 (3d Cir. 2014) (quotation omitted; emphasis added).

4

Courts must exercise "special caution when other-act evidence is offered to prove intent, which though a permissible non-propensity purpose is nonetheless most likely to blend with improper propensity uses." *Gomez*, 763 F.3d at 858; *see, e.g., United States v. Stacy*, 769 F.3d 969, 974 (7th Cir. 2014) (other act evidence offered to prove intent relied on improper propensity inference); *United States v. Miller*, 673 F.3d 688, 700 (7th Cir. 2012) ("When intent is an essential element of the charged crime, prior bad acts evidence directed to intent can easily be nothing more than propensity evidence.").

Under these principles, it is unclear how much, if any, of the government's proposed evidence is relevant to a permissible purpose through a chain of inferences that does not include a propensity-based link. At this stage, the government has not articulated the inferences through which it contends that particular pieces of other-act evidence tend to prove a fact other than propensity; it simply asserts that the evidence tends to prove one or more of the laundry list of permissible purposes in Rule 404(b)(2): "intent, motive, preparation, plan, knowledge, identity, and absence of mistake or accident." Doc. 73 at 17.

## III.   THE RULE 403 BALANCING.

Even if the government's proposed evidence turns out to be intrinsic or offered for a permissible purpose under Rule 404(b), it may still be inadmissible under Rule 403. "If the defendant moves under Rule 403, the court may exclude the evidence on the basis that it is 'unfairly prejudicial, cumulative or the like, its relevance notwithstanding.'" *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000) (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)).

The Rule 403 balancing of other-act evidence "requires great care on the part of the district court, because few categories of evidence bring greater risk of prejudice to the accused under Rule 403." *Caldwell*, 760 F.3d at 277 (quotation omitted). Other-act evidence is particularly dangerous because it "tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.'" *Id*. at 284 (quoting Fed. R. Evid. 404(a), Advisory Committee Note).

Limiting instructions are the principal means of reducing the unfair prejudice from other-act evidence. But such instructions have questionable value. As Justice Jackson observed, "[T]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." *Krulewitch v. United States*, 336 U.S. 440, 453 (1949) (Jackson, J., concurring); *see, e.g., United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985) ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities. In such cases, it becomes particularly unrealistic to expect effective execution of the mental gymnastic required by limiting instructions.") (quotation omitted). Thus, limiting instructions are not "a sure-fire panacea for the prejudice resulting from needless admission of [Rule 404(b)] evidence." *United States v. Clay*, 667 F.3d 689, 696 (6th Cir. 2012) (quotation omitted). This is because, "[a]s empirical studies have shown, evidence

6

of prior bad acts influences factfinders even when the court gives a limiting instruction."
*Id*. at 697.

Courts should be particularly reluctant to admit other-act evidence when it bears on an issue that is not in dispute. As the Tenth Circuit has explained, "[W]hen an issue is not seriously disputed, there is little justification for admitting evidence that risks unfair prejudice." *United States v. Trent*, 767 F.3d 1046, 1050 (10th Cir. 2014); *see, e.g., Gomez*, 763 F.3d at 857 ("One important issue in Rule 403 balancing in this context is the extent to which the non-propensity factual proposition actually is contested in the case."); *Caldwell*, 760 F.3d at 283 ("The probative value of prior act evidence is diminished where the defendant does not contest the fact for which supporting evidence has been offered.").

Here, the government offers other-act evidence on both disputed and undisputed facts. It offers some of that evidence as relevant to Harmon's intent and knowledge, which are very much in dispute. But it also offers other-act evidence as relevant to (for example) Harmon's "identity as the operator of Helix." Doc. 73 at 19; *see id.* at 13. That fact is not in dispute--Harmon conceded it long ago--and as a result other-act evidence tending to prove it has greatly diminished probative value.

The careful balancing that Rule 403 requires cannot be done effectively pretrial with respect to large swathes of vaguely described other-act evidence. It can only be done in the context of specific pieces of evidence and under the trial circumstances as they exist when the evidence is offered. Accordingly, the Court should defer the government's motion to admit evidence and address the Rule 403 issues item-by-item as they arise at trial.

## CONCLUSION

For the foregoing reasons, the Court should defer the government's motion and rule

on the other-act evidence as it is offered.

Respectfully submitted,


*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8879
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508
*Counsel for Defendant Larry Dean Harmon*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Charles Flood*
Charles Flood