IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 1:19-cr-00395 |
| LARRY DEAN HARMON | § | |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE ON WILLFUL BLINDNESS

NOW COMES Larry Harmon, by and through his attorney, Charles Flood, and submits this opposition to the government's motion in limine concerning willful blindness (Doc. 99).  The Court should deny the government's request to refer to willful blindness in opening and reserve decision on a willful blindness jury instruction until it has heard the evidence.  A willful blindness instruction should rarely be given, because it may leave the jury with the impression that recklessness or even negligence satisfies the knowledge element of the offenses.  Permitting the government to refer to willful blindness in opening, before it has produced evidence that would support the instruction, risks a mistrial or a reversal on appeal if the government's evidence falls short.

### ARGUMENT

**I.      WILLFUL BLINDNESS GENERALLY.**

Willful blindness is a judge-made doctrine with no statutory basis.  It arose from the difficulty prosecutors encountered proving the statutory element of knowledge, particularly in drug and stolen property cases.  The doctrine has been sharply criticized from its inception, both because it departs from the rule that all federal crimes are statutory, rather

than judge-made, and because it may cause the jury to believe that recklessness or even negligence suffices to establish knowledge.  *See, e.g., Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 772-74 (2011) (Kennedy, J., dissenting); *United States v. Heredia*, 483 F.3d 913, 930-33 (9th Cir. 2007) (en banc) (Graber, J., dissenting); *United States v. Jewell*, 532 F.2d 697, 706 (9th Cir. 1976) (Kennedy, J., dissenting); *cf. United States v. Alston-Graves*, 435 F.3d 331, 337 (D.C. Cir. 2006) ("It makes obvious sense to say that a person cannot act 'knowingly' if he does not know what is going on.  To add that such a person nevertheless acts 'knowingly' if she intentionally does not know what is going on is something else again.").[1]

The Fifth Circuit succinctly explained the danger of the willful blindness instruction:  "'Because the instruction permits a jury to convict a defendant without a finding that the defendant was actually aware of the existence of illegal conduct, the [willful blindness] instruction poses the risk that a jury might convict the defendant on a lesser negligence standard--the defendant *should* have been aware of the illegal conduct.'" *United States v. Mendoza-Medina*, 346 F.3d 121, 132 (5th Cir. 2003) (quoting *United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990)) (emphasis in original).  Such

---

[1] *Alston-Graves* quoted with apparent approval an article discussing a prior willful blindness case:  "'[L]iability was not predicated on a finding of knowledge, but rather on a particular explanation of why the defendant remained ignorant.  But it is hard to see how ignorance, from whatever cause, can be knowledge.  A particular explanation of why a defendant remains ignorant might justify treating him as though he had knowledge, but it cannot, through some mysterious alchemy, convert ignorance into knowledge.'"  435 F.3d at 337 n.1 (quoting Douglas N. Husak & Craig A. Callender, *Wilful Ignorance, Knowledge, and the "Equal Culpability" Thesis: A Study of the Deeper Significance of the Principle of Legality*, 1994 Wis. L. Rev. 29, 52 (footnote omitted)).

a "weak '*should* have known' standard . . . eviscerates the law's requirement that the defendant acted 'knowingly.'" *United States v. Araiza-Jacobo*, 917 F.3d 360, 366 (5th Cir.) (emphasis in original), *cert. denied*, 140 S. Ct. 453 (2019).

Despite its dangers and dubious origins, willful blindness is now widely accepted, including by the Supreme Court in *Global-Tech*. Courts often emphasize, however, that the willful blindness instruction "'should rarely be given.'" *Id*. (quoting *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007)). When a willful blindness instruction *is* given, it must not only be "legally accurate, but also factually supportable"; the court "may not instruct the jury on a charge that is not supported by evidence." *Mendoza-Medina*, 346 F.3d at 132.

We discuss these two requirements--legal accuracy and factual support--in turn.

## II.  LEGAL ACCURACY.

The government recognizes that *Global-Tech* establishes the requirements for willful blindness. Doc. 99 at 4. In *Global-Tech*, the Supreme Court defined the elements of willful blindness as follows: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." 563 U.S. at 769.

The *Global-Tech* Court emphasized the requirement that the defendant take "deliberate actions" to avoid learning the key fact. It declared: "We think these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence. Under this formulation, a willfully blind defendant is one who takes *deliberate actions* to avoid confirming a high probability of wrongdoing and

3

who can almost be said to have actually known the critical facts." *Id*. (emphasis added); *see, e.g., United States v. Macias*, 786 F.3d 1060, 1062 (7th Cir. 2015) ("An ostrich instruction should not be given unless there is evidence that the defendant engaged in behavior that could reasonably be interpreted as having been intended to shield him from confirmation of his suspicion that he was involved in criminal activity.") (citing *Global-Tech*).

*Global-Tech* faulted the Federal Circuit for requiring only "deliberate indifference": "[I]n demanding only 'deliberate indifference' to that risk [that the disputed fact existed], the Federal Circuit's test does not require *active efforts* by an inducer to avoid knowing [the fact]." *Global-Tech*, 563 U.S. at 770 (emphasis added); *see, e.g., United States v. L.E. Myers Co.*, 562 F.3d 845, 854 (7th Cir. 2009) ("[T]he government can point to no evidence that any L.E. Myers employee took deliberate steps to avoid learning the truth. True, there is evidence of deliberate *indifference* to the facts, but there is no evidence of deliberate *avoidance*, and the latter is required for the ostrich instruction." (emphasis in original)).

The Supreme Court's rejection of the Federal Circuit's "deliberate indifference" standard and its requirement of "active efforts" to avoid knowledge are critical here. The government insists that a failure to investigate or ask questions, without more, satisfies the second prong of *Global-Tech*. Doc. 99 at 6. But that approach collapses the distinction *Global-Tech* drew between recklessness and negligence on one hand and willful blindness on the other. As noted, the Supreme Court sought to "give willful blindness an appropriately limited scope that surpasses recklessness and negligence." *Global-Tech*, 563 U.S. at 769. A reckless defendant, according to the Court, "knows of a substantial and

unjustified risk of . . . wrongdoing." *Id.* at 770. Recklessness corresponds to the first prong of the willful blindness standard--"subjective belie[f] that there is a high probability that a fact exists."

The second prong of willful blindness--the "deliberate actions" requirement--is thus what distinguishes the reckless defendant from the willfully blind defendant. A reckless defendant knows of a substantial risk that a fact exists and does nothing about it (or, put differently, is indifferent to it). A willfully blind defendant knows of a substantial risk (or "high probability") that a fact exists and takes deliberate actions to avoid confirming the fact. But if inaction equals action, as the government maintains (an Orwellian twist on the Orwellian notion that ignorance equals knowledge), then *Global-Tech*'s carefully drawn distinction vanishes; a reckless defendant who does not investigate the "substantial and unjustified risk of wrongdoing"--by definition, *every* reckless defendant--will be found willfully blind.

For these reasons, the Court should reject the government's contention that a failure to investigate or ask questions satisfies the second prong of *Gobal-Tech*. *See, e.g., L.E. Myers Co.*, 562 F.3d at 854 ("Failing to display curiosity is not enough; the defendant must affirmatively *act* to avoid learning the truth.") (quotation omitted; emphasis in original).

### III.   FACTUAL SUPPORT.

As noted, the Court "may not instruct the jury on a [willful blindness] charge that is not supported by evidence." *Mendoza-Medina*, 346 F.3d at 132. The government has not even proffered--much less introduced--evidence that Harmon "t[ook] deliberate actions" or made "active efforts" to avoid learning that bitcoin passing through Helix was the proceeds

5

of unlawful activity.  563 U.S. at 769-70.[2]  It asserts that Harmon failed to investigate or ask questions about the source of the currency.  Doc. 99 at 6-8.  But (1) it cites no evidence to that effect, and (2) as discussed above, a failure to investigate or ask questions does not satisfy the "deliberate actions"/"active efforts" prong of *Global-Tech*.  At this point, therefore, the government has not come close to establishing the predicate for a willful blindness instruction.[3]

The government claims to have "both direct and circumstantial evidence of the defendant's *actual* knowledge that the bitcoin funds laundered through Helix represented the proceeds of darknet drug trafficking offenses and other unlawful activity."  Doc. 99 at 8 (emphasis in original).  In light of this purported evidence, "Why . . . the prosecution [would seek], and the district court [would give] over a defense objection, a willful blindness instruction is difficult to fathom."  *Alston-Graves*, 435 F.3d at 337.  The government will no doubt persist, however, and it might ultimately satisfy its burden of production.  But it might also fall short, as (for example) the prosecution did in *Araiza-Jacobo*, 917 F.3d at 363, and *Macias*, 786 F.3d at 1063, and *L.E. Myers Co.*, 562 F.3d at 854, and *Alston-Graves*, 435 F.3d at 341-42.

---

[2] We assume for these purposes--but certainly do not concede--that the government will produce sufficient evidence on the first *Global-Tech* prong--that Harmon "subjectively believe[d] that there [was] a high probability" that at least some of the bitcoin passing through Helix represented the proceeds of unlawful activity.

[3] The government cites of out-of-circuit cases that have upheld the use of willful blindness instructions in money laundering cases.  Doc. 99 at 7-8.  The vast majority of those cases predate *Global-Tech* and thus do not take account of its requirement of "deliberate actions" and "active efforts" to avoid knowledge.  And, of course, each of those cases addresses an evidentiary record developed in the course of a trial--a record that does not yet exist here.

Particularly in light of these past failures, the Court should not assume that the government will meet its burden of production under the *Global-Tech* standard. It should determine whether a willful blindness instruction is warranted only after all the evidence has been presented.

### IV.     OPENING STATEMENT.

The Court should bar the government from referring to willful blindness in its opening statement. Such a reference could well lead to a mistrial or to a reversal on appeal if the government fails to meet its burden of production under *Global-Tech*. If the Court ultimately determines that the evidence supports a willful blindness instruction, the government will have ample opportunity to explain the instruction's significance in closing argument.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8879
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508
*Counsel for Defendant Larry Dean Harmon*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  */s/ Charles Flood*
                                                 Charles Flood