IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:19-cr-00395 |
| | § | |
| LARRY DEAN HARMON | § | |

## DEFENDANT'S MOTION TO REQUIRE ADEQUATE NOTICE OF GOVERNMENT EXPERT TESTIMONY

NOW COMES Larry Harmon, by and through his attorney, Charles Flood, and moves the Court to require the government to submit an adequate notice of expert testimony. The notices the government has provided do not come close to satisfying Fed. R. Crim. P. 16(a)(1)(G).[1]

## BACKGROUND

On June 22, 2021, the government filed an expert notice under Rule 16(a)(1)(G). Doc. 102. On June 28, the government supplemented its disclosure by letter. Exhibit A. The notices purport to identify five experts or categories of experts.

*First*, the notices identify FBI employee Alexandra Comolli as an expert witness on "darknet marketplaces, Tor, virtual currency, and blockchain analysis, including clustering." Doc. 102 at 3. The government's initial notice lists a series of general topics about which Ms. Comolli may testify but does not identify any opinions she may offer.

---

[1] The government's obligation to provide expert disclosure arises only "[a]t the defendant's request." Fed. R. Crim. P. 16(a)(1)(G). To date, the defense has made no such request; the government provided its expert notices voluntarily. Through this motion, Harmon specifically requests the disclosure that Rule 16(a)(1)(G) requires.

The second notice lists additional topics on which Ms. Comolli may testify. Exhibit A at 1-2. It identifies two opinions she may offer: "that the vast majority of the goods and services sold" on certain websites "are illicit in nature," and that "the vast majority of mixer users are engaged in criminal activity." *Id*. at 2. The notices do not explain the bases or reasons for these opinions.

*Second*, a footnote in the initial notice states that the government "may also seek to offer expert testimony regarding blockchain analysis and clustering through a second witness from a private sector blockchain analytics firm." Doc. 102 at 4 n.3. The notice does not identify the expert, describe the opinions the expert would offer, or state the bases and reasons for those opinions.

*Third*, the notices identify Matt St. Jean as an expert witness on forensic methods he used to obtain data from various electronic devices. The notices state that Mr. St. Jean will "provide testimony" on and "explain" certain other computer-related topics. Doc. 102 at 4-5; Exhibit A at 2. The notices do not identify any opinions that Mr. St. Jean will offer or state the bases and reasons for those opinions.

*Fourth*, the government's initial notice states that it intends to call an as-yet-unidentified "expert on the Bank Secrecy Act, money transmission, and money laundering." Doc. 102 at 5. In addition to not identifying the expert, the notice does not describe the opinions it expects the expert to provide or the bases and reasons for those opinions.

*Fifth*, the government states that if Harmon objects to the authentication certifications for certain unidentified exhibits (which he does) and the Court denies the

2

government's motion to admit the exhibits through the certifications, "the government will need to call additional witnesses to testify regarding the process through which information from various electronic devices or files was reliably retrieved and/or copied. These witnesses may need to be noticed as experts in computer forensics." Doc. 102 at 5-6. The government does not identify these potential experts, the opinions they might offer, or the bases and reasons for those opinions.

## ARGUMENT

**I.     THE GOVERNMENT'S EXPERT NOTICES ARE INADEQUATE.**

Rule 16(a)(1)(G) requires the government to provide the defense, upon defense request (*see supra* note 1), with "a written summary" of any expert testimony it intends to offer. The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The rule "requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (finding insufficient a government notice that "provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects"); *see, e.g., United States v. Murillo*, 2016 U.S. Dist. LEXIS 138595, at *9-*10 (W.D. Wash. Oct. 4, 2016) (notice inadequate that provided a "list of topics on which [the expert] will testify"); *United States v. Valentin*, 2016 U.S. Dist. LEXIS 39237, at *4-*6 (D. Conn. Mar. 25, 2016) ("'Merely identifying the general topics about which the expert will testify is insufficient.'") (quoting *United States v. Ferguson*, 2007 U.S. Dist. LEXIS 93169, at *5 (D. Conn. Dec. 14, 2007)); *United States v. Peel*, 2014 U.S. Dist. LEXIS 150776 (E.D. Cal. Oct. 23, 2014) (same); *United States v.*

*Norita*, 708 F. Supp. 2d 1056, 1069-70 (D.N.M.I. 2010) (government notice that listed topics "manifestly failed to comply with Rule 16(a)(1)(G)").

The disclosure of the "bases and reasons" for the opinion--"perhaps [the] most important" requirement of the rule--covers "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed. R. Crim. P. 16, 1991 Advisory Committee Note; *see, e.g., United States v. Davis*, 514 F.3d 596, 612-13 (6th Cir. 2008) (finding disclosure of "bases and reasons" inadequate); *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 214-15 (D.D.C. 2015) (citing *Davis* and Advisory Committee Note), *vacated in part on other grounds*, 902 F.3d 285 (D.C. Cir. 2018); *Ferguson*, 2007 U.S. Dist. LEXIS 93169, at *5 (finding disclosure of "bases and reasons" inadequate); *United States v. Brock*, 2007 U.S. Dist. LEXIS 24534, at *4-*6 (E.D. Tenn. Apr. 2, 2007) (same); *United States v. Sturman*, 1998 U.S. Dist. LEXIS 3488, at *3-*4 (S.D.N.Y. Mar. 19, 1998) (same).

Under these standards, the government's notices are plainly inadequate. For three experts--the "witness from a private sector blockchain analytics firm," the "expert on the Bank Secrecy Act, money transmission, and money laundering," and the "witnesses to testify regarding the process through which information from various electronic devices or files was reliably retrieved and/or copied"--the government does not identify the expert or his or her qualifications, does not "describe the witness's opinions," and does not state "the bases and reasons for those opinions."

The notices are likewise inadequate for the two named experts--Ms. Comolli and Mr. St. Jean.  For the most part, the notices merely list topics about which the witnesses may testify, without providing the opinions the witnesses will offer on those topics or the bases and reasons for those opinions.  As *Duvall* and the other cases cited above make clear, a list of topics does not satisfy Rule 16(a)(1)(G).

The second notice does identify two opinions that Ms. Comolli will offer: "that the vast majority of the goods and services sold" on certain websites "are illicit in nature," and that "the vast majority of mixer users are engaged in criminal activity."  Exhibit A at 2.  But the notice does not state the bases and reasons for Ms. Comolli's opinions.  What methodology did she use to reach these opinions?  What source materials and data did she rely on?  The notice is completely silent on these and other crucial points.

Without an adequate disclosure, the defense cannot determine whether to challenge the reliability of Ms. Comolli's opinions under Fed. R. Evid. 702 and *Daubert*.  The defense cannot determine, for example, whether Ms. Comolli's opinions are "based on sufficient facts or data," whether those opinions are "the product of reliable principles or methods," and whether she "reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702(b)-(d); *see, e.g., Mosquera-Murillo*, 153 F. Supp. 3d at 209.  Nor can it weigh the probative value of the testimony against its unfair prejudice for purposes of Fed. R. Evid. 403.  *See id*. ("Exclusion based on unfair prejudice is particularly important in the case of expert evidence, which 'can be both powerful and quite misleading because of the difficulty in evaluating it.'") (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993)).  And the defense cannot prepare to cross-examine Ms. Comolli.

5

Ms. Comolli's proposed opinions will have a powerful impact on the jury if the Court permits her to testify.  For her testimony in particular, it is vital for the Court to perform the gatekeeping function that Rule 702 and *Daubert* contemplate.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141-42 (1999); *Daubert*, 509 U.S. at 589-90; *United States v. McGill*, 815 F.3d 846, 903 (D.C. Cir. 2016); *Mosquera-Murillo*, 153 F. Supp. 3d at 209.  But the Court cannot perform that function--and the defense cannot assist it in doing so--without the notice that Rule 16(a)(1)(G) requires upon request.  The government has not provided that notice.

## II.     THE APPROPRIATE RELIEF.

Rule 16(d)(2) provides a range of orders the district court may enter if a party fails to comply with its obligations under Rule 16, including an order "prohibit[ing] that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(d)(2)(C).  Because the defense had not previously requested expert disclosure and trial is still more than two months away, Harmon does not at this point seek to bar the government experts from testifying based on the inadequate notice.  He requests instead that the Court enter an order requiring the government to comply fully with Rule 16(a)(1)(G).  Following receipt of an adequate notice, the defense should have a reasonable time--we propose ten days--to determine whether to challenge any part of the proposed expert testimony under Rule 403 or Rule 702 or on any other basis disclosed by the notice.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8879
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508
*Counsel for Defendant Larry Dean Harmon*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Charles Flood*
Charles Flood