UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 19-cr-395 (BAH) |
| | : | |
| LARRY DEAN HARMON, | : | |
| | : | |
| Defendant. | : | |

## THE PARTIES' JOINT PRETRIAL STATEMENT

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, and the defendant, Larry Dean Harmon, by and through his attorney, respectfully submit the following Joint Pretrial Statement in accordance with the Court's Standing Order, ECF No. 6.

    **a.**    **Written statement of plea offer:**  The parties have had ongoing plea discussions in this case.  As of the date of submission, no formal plea offer has been extended.  The parties will continue to discuss the possibility of a mutually acceptable resolution in this matter.  The government anticipates that it will provide a formal plea offer before the date of the Pretrial Conference on July 30, 2021.

    **b.**    **Joint Statement of the Case:**  This case involves an allegation of money laundering and operating an unlicensed money transmitting business .  The government alleges that the defendant, Larry Dean Harmon, operated a Darknet search engine called GRAMS, and an affiliated Darknet service called HELIX, which enabled users to send virtual currency called bitcoins to designated recipients in a manner which was designed to conceal and obfuscate the source or owner of the bitcoins.  This type of service is commonly referred to as a bitcoin "mixer" or "tumbler."  The government alleges that HELIX was used to provide money laundering services

to customers on the Darknet as a way to conceal transactions from law enforcement. The government further alleges that, between in or about July 2014 through in or about December 2017, HELIX processed at least 354,468 bitcoins, valued at approximately $311 million in U.S. dollars at the time of the transactions, including transactions involving darknet markets selling illegal goods and services. The government alleges that the defendant conspired with other darknet market administrators or support teams to commit money laundering offenses, and that the defendant operated an unlicensed money transmitting business in violation of federal law and District of Columbia law.

Mr. Harmon submits that he did not conspire to launder money or transmit money because during the time of the conspiracy alleged bitcoin was not money. Mr. Harmon had no intent to launder money and no intent to engage in money transmission. Mr. Harmon claims he operated Helix as a privacy enhancing tool and to increase the fungibility of bitcoin.

**Government's Objection: The government objects to the defendant's proposed statement that, "during the time of the conspiracy alleged *bitcoin was not money*" (emphasis added). This is a misstatement of the law—and an issue that has already been exhaustively litigated, and partially conceded, in this case.[1] As the weight of authority and this Court's**

---

[1] *See* ECF No. 59, at 14-33 (holding that bitcoin qualifies as "money" under D.C. Money Transmitters Act), 37 n.15 ("Defendant concedes that bitcoin amounts to 'funds,' at least under 31 U.S.C. § 5330."); ECF No. 82 (affirming definition of "money" under D.C. Money Transmitters Act); *United States v. Murgio*, 209 F. Supp. 3d 698 (S.D.N.Y. 2016) (bitcoin qualifies as "funds" under 18 U.S.C. § 1960); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) ("Bitcoins can be either used directly to pay for certain things or can act as a medium of exchange and be converted into a currency which can pay for things. . . . Indeed, the only value for Bitcoin lies in its ability to pay for things . . . . Sellers using Silk Road are not alleged to have given their narcotics and malicious software away for free—they are alleged to have sold them. . . . One can money launder using Bitcoin."); *United States v. Budovsky*, 2015 WL 5602853, at *13-15 (S.D.N.Y. Sept. 23, 2015) ("Next, Budovsky appears to argue that virtual currencies cannot be included within the term 'funds.' This precise argument was rejected recently in a case applying

**own rulings show, bitcoin is—and was at all relevant times—"money" within the meaning of the D.C. Money Transmitters Act, and "funds" within the meaning of 18 U.S.C. § 1960, the Bank Secrecy Act, and 18 U.S.C. § 1956. To the extent the defendant intends to argue, instead, that he *believed* bitcoin is not money, that amounts to a mistake of law which is not a legal defense to the indicted counts. The legal definition of statutory terms like "money" and "funds" is not an issue for the jury to decide. The defendant's proposed characterization of the legal definition of "money" is incorrect as a matter of law and would be affirmatively misleading and confusing to the jury.**

      c.      **Proposed Voir Dire Questions:**  See Exhibit 1, attached to this document.

      d.      **Text of proposed jury instructions:**  See Exhibit 2, attached to this document.

      e.      **List of Expert Witnesses:**  The government anticipates calling the following experts, as noticed and further explained in the Government's Notice of Intent To Present Expert Testimony, ECF No. 102. The government may supplement this list and make appropriate disclosures to the defense if any additional experts are identified.

Ms. Alexandra Comolli: Ms. Comolli is an FBI employee who is an expert on darknet marketplaces, Tor, virtual currency, and blockchain analysis, including clustering. Ms. Comolli is expected to provide testimony explaining Tor and hidden services; the darknet market ecosystem; bitcoin, including how bitcoin transactions are conducted and how transactions can be traced on the blockchain; the *modus operandi* of criminals operating on the darknet; clustering, a blockchain

---

§ 1956 to the owner and operator of the website Silk Road, a marketplace for illegal drugs that used the virtual currency Bitcoin. . . .  The *Ulbricht* court's reasoning is adopted here."); *United States v. Ologeanu*, 2020 WL 1676802, at *10-11 (E.D. Ky. Apr. 4, 2020) (collecting cases and concluding that "the federal district courts have unanimously and univocally concluded that Bitcoin constitutes 'money' and 'funds'") (internal quotations and alterations omitted).

analysis technique that identifies linked addresses held by an individual or organization; and the clusters of addresses held by specific darknet marketplaces and other relevant entities.

Mr. Matthew St. Jean: Mr. St. Jean is an IRS employee whose expertise is in computer forensics and electronic evidence tied to cryptocurrency. Mr. St. Jean is expected to provide testimony about the methods he employed to examine devices seized from the defendant and other devices containing evidence relevant to this case, and the data that he viewed and extracted from those devices; the retrieval of evidence related to cryptocurrency wallets recovered in this investigation; basic cyber concepts and terms; and certain scripts or code found on the defendant's devices.

**f.** **Motions *in Limine*:** The parties have filed the following motions *in limine* and other unresolved pretrial motions:

1. ECF No. 73, Government's Notice and Motion To Admit Evidence as Intrinsic Evidence or, in the Alternative, as Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b).

2. ECF No. 99, Government's Notice and Motion *in Limine* Regarding Willful Blindness Instruction as to Counts One and Two and Permission To Refer to Willful Blindness in Opening Statement.

3. ECF No. 100, Government's Motion *in Limine* To Permit Government Agent To Remain at Counsel Table During Trial (unopposed).

4. ECF No. 101, Government's Motion *in Limine* To Admit Certain Government Exhibits.

5. ECF No. 102, Government's Notice of Intent To Present Expert Testimony.

**g.     Prior convictions:**  The government does not intend to introduce any prior convictions of the defendant for any purpose.

**h.     List of exhibits:**  See Exhibit 3, attached to this document.  The exhibits are organized by topic into the following series:

> 0-50: Background exhibits on the darknet, darknet markets, and cryptocurrency
> 50-99: Grams/Helix site materials and undercover activity
> 100s: Darknet market users and related evidence
> 200s: Seized devices and derived images or extractions
> 300s: Evidence from seized devices
> 400s: Financial records
> 500s: Records from online service providers

Some exhibit descriptions have been partially redacted to avoid publicly revealing cooperators and potential subjects of related investigations in advance of trial.  The government is providing an unredacted copy of the exhibit list to the defense.  The government intends to update this exhibit list in advance of trial.  In particular, the government is in the process of extracting and formatting certain subsections of listed exhibits in a way that will streamline the presentation at trial using available courtroom technology.

**i.     Stipulations:**  The parties have not yet been able to agree to any proposed stipulations, although they will continue to work towards evidentiary stipulations that might reduce the number of witnesses and streamline the trial.

**j.     Proposed verdict form:**  See Exhibit 4, attached to this document.

                Respectfully submitted,
                CHANNING D. PHILLIPS
                ACTING UNITED STATES ATTORNEY
                D.C. Bar No. 415793

BY:    */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov

        *Counsel for the United States*


        */s/ Charles Flood (with permission)*
        Charles Flood
        Flood & Flood Law Office
        914 Preston at Main, Suite 800
        Houston, TX 77002
        (713) 223-8877; Fax (713) 223-8877
        charles@floodandflood.com
        Texas Bar License# 00798178
        Fed I.D. 22508

        *Counsel for the Defendant Larry Dean Harmon*