**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 19-cr-395 (BAH)** |
| | : | |
| **LARRY DEAN HARMON,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO ADMIT EVIDENCE AS INTRINSIC EVIDENCE OR, IN THE ALTERNATIVE, AS OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its counsel, the Acting United States Attorney for the District of Columbia, hereby submits this reply in support of its previously filed motion.

## INTRODUCTION

On October 30, 2020, the government filed a notice of its intent to introduce certain evidence as intrinsic evidence relevant to the charges in the Indictment, or, in the alternative, as evidence appropriately admitted pursuant to Fed. R. Evid. 404(b). The government moved *in limine* for a ruling on the admissibility of such evidence.

The defendant filed a response on July 2, 2021, asking that the Court defer ruling on the government's motion and instead rule on the evidence at trial as it is offered. The defendant conceded that "some" of the evidence the government seeks to admit is "undoubtedly admissible," but maintains that "[o]ther evidence may well not be." ECF No. 104 at 1. The defendant's response not does specify what evidence he acknowledges is admissible and what evidence he finds potentially objectionable, except to note that "some evidence concerning Harmon's involvement with Grams" will likely be admitted. *Id.* at 3. On the few occasions where the

defendant notes specific grounds for objections to particular pieces of evidence[1] – evidence related to the defendant's involvement with the Mr. Nice Guy market and other financial crime evidence – those concerns relate to only one of several alternative grounds for admissibility that the government provided in its motion. The defendant's response references Fed. R. Evid. 403 but does not explain how any of the information in the government's motion would be unfairly prejudicial. The government nonetheless has attempted to respond to the defendant's nebulous objections below.

## ARGUMENT

**Government's Notice was Sufficient to Satisfy Rule 404(b)**

The defendant asserts that the government's motion "does not specify the evidence at issue" and merely "lists two broad categories." This seriously mischaracterizes the government's filing, a 21-page detailed description of the evidence the government seeks to offer and the basis. The evidence is organized into two categories, but the government did not merely name the categories and ask for a blanket ruling. Rather, within each category the government explains the evidence it intends to introduce at trial and its relevance to the present case.

Rule 404(b) requires that the government provide "reasonable notice" of the "general nature" of the crimes, wrongs, or other acts evidence that the government intends to admit at trial. Fed. R. Evid. 404(b)(2)(A). The Rule does not require an exhaustive list of the specific pieces of evidence that the government may admit in support of these areas of activity. The Advisory

---

[1] The defendant's response did not address the government's notice of its intent to admit evidence related to the use of Helix by users of a darknet site trafficking in child sexual exploitation materials. The government believes that this may have been an inadvertent oversight, as the government understands from previous conversations with defense counsel that the defendant was particularly concerned about the admission of this evidence. The government intends to admit this evidence, alongside evidence that the defendant was aware of nature of his illicit clientele, in order to rebut a defense argument that Helix was a privacy service used by law-abiding individuals mindful of security, rather than by criminals seeking to launder their funds. The government has proposed two stipulations that would limit the extent of the evidence and testimony on this matter.

Committee considered and rejected a particularity requirement when it amended Rule 404(b) to establish the pretrial notice requirement.  Fed. R. Evid. 404(b), advisory committee note ("[N]o specific form of notice is required.  The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. … Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts.")  The D.C. Circuit has confirmed that "Notice of 'general nature' is all that Rule 404(b) requires." *United States v. Watson*, 409 F.3d 458, 466 (2005).

This District has rejected efforts by defendants seeking specificity in 404(b) notices. *United States v. Watt*, 911 F. Supp. 538, 556-57 (1995) ("Moreover,  courts have routinely denied requests by defendants for greater particularity in 404(b) notice.").  This is consistent with the approach in other federal courts across the country.  *See, e.g., United States v. Mohammad,* No. 3:15-cr-358, 2017 U.S. Dist. LEXIS 84400, at \*4 (N.D. Ohio May 31, 2017) ("Courts have consistently rejected defendants' efforts to obtain detailed information through Rule 404(b) notices."), *United States v. Nance*, 168 F. Supp. 3d 541, 549 (W.D.N.Y. 2016) (the notice provision of Rule 404(b) does "not translate into a rule that the Government *immediately* identify the *particular* Rule 404(b) evidence it intends to use at trial"),  *United States v. Kersey*, No. 5:15-CR-00184, 2015 WL 9223002, at \*3 (E.D.N.C. Dec. 17, 2015) (denying the defendant's request for "the specific evidence" the government intended to use), *United States v. Martoma*, No. 12 Cr. 973, 2014 U.S. Dist. LEXIS 1564, 2014 WL 31213, at \*3 (S.D.N.Y. Jan. 6, 2014) (denying the defendant's request for "complete" information regarding the government's intended 404(b) evidence), *United States v. Kern,* 12 F.3d 122, 124 (8th Cir. 1993) (determining that the government's notice that it "might use evidence from some local robberies" was sufficient to

3

comply with Rule 404(b)), and *United States v. Schoeneman,* 893 F. Supp. 820, 1995 WL 447621, at 3 (ND. Ill., 1995) (holding that the government need not "turn over specific evidentiary detail" in its 404(b) notice).

The government's notice here is far more detailed than the minimum required under Rule 404(b).  The D.C. Circuit has previously noted the role of 404(b) notices to guard against the "'surprise' introduction of evidence that leaves a criminal defendant without opportunity to prepare an effective response."  *United States v. Watson*, 409 F.3d 458, 466 (2005) (finding that there was no prejudice even where the government provided 404(b) notice just prior to voir dire). Upon reviewing the government's motion – filed nearly 9 months ago – and in light of the discovery and pretrial litigation, defendant can hardly claim to be surprised by the nature of the evidence that the government intends to submit in its case in chief.

**Court Should Rule on the Admissibility of the Evidence Pretrial**

Motions *in limine* and pre-trial rulings promote the smooth and effective progression of trials.  The Supreme Court has noted approvingly the practice of motions *in limine,* observing, "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  In modern practice, motions *in limine* have become an accepted method to empower the Court to serve the gatekeeper function envisioned in Fed. R. Evid. 103(d): "To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  As this court has recognized, "Pretrial motions *in limine* are an important mechanism to effectuate this goal of insulating the jury from inadmissible evidence and further the purpose of the rules, generally, to administer the proceedings "fairly . . . to the end of ascertaining the truth and securing a just

determination." *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014) (citing Fed. R. Evid. 102). Deciding motions pretrial advances "the interest of conducting an efficient jury trial and preventing the jury from hearing inadmissible evidence." *Banks v. Vilsack*, 958 F. Supp. 2d 78, 82 (D.D.C. July 31, 2013) (citing Fed. R. Evid. 103(d)). Moreover, "[a] pretrial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations." *United States v. Jackson*, 627 F.2d 1198, 1209, 201 U.S. App. D.C. 212 (D.C. Cir. 1980).

The defendant suggests that the Court abandon this practice and instead urges that "the Court should defer the government's motion to admit evidence and address the Rule 403 issues item-by-item as they arise at trial." ECF No. 104 at 7. The defendant argues the balancing required by Rule 403 "cannot be done effectively pretrial" for the evidence in this case. However, the defendant does not explain how any of the information set forth in his motion would be unfairly prejudicial, a high bar. *See, e.g., United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair.") Nor does the defendant explain what new context or information will be available to the Court mid-trial that would materially improve the Court's ability to make an informed ruling.

Furthermore, the defendant concedes that at least some of the evidence is admissible. It is unclear what basis the defendant thus has for arguing that the Court should delay ruling on the admissibility of this "undoubtedly admissible" evidence until trial. At a minimum, the Court should rule on the admissibility of this evidence that does not even give rise to a defense objection.

The government submits that the evidence set forth in its original motion is properly admitted – both as intrinsic evidence and, in the alternative, under Rule 404(b) – for all of the reasons set forth in that motion. If there are specific areas of evidence noted in the government's

motion that the defendant does not believe are appropriately admitted, the defendant should identify them and explain his objection.  If the court determines that it would benefit from additional context before ruling on those particular items, it can delay its ruling until trial *for that evidence* while issuing a pretrial ruling on the remainder of the evidence set forth in the government's motion.

As a practical matter, the government intends to admit evidence regarding other darknet sites, including Mr. Nice Guy, and Grams services early on in its case in chief.  Several witnesses will be traveling to testify regarding evidence covered in the government's motion.  A pretrial ruling on the admissibility of the evidence – whether some or all of it – will significantly assist in the orderly, efficient administration of trial proceedings.

**Any Evidence Not Considered Intrinsic Would Still Be Admissible Under 404(b)**

In the few instances where the defendant makes more specific references to evidence discussed in the government's motion – namely, to the Mr. Nice Guy Market and money laundering activity that occurred after Helix closed, ECF No. 104 at 3, the defendant questions only their treatment as intrinsic evidence and does not argue that they would not be appropriately admitted under Rule 404(b).  As explained in the government's original motion, the government identified Mr. Harmon as the operator of Helix in part by tracing Helix proceeds to Mr. Harmon's real-world accounts, including through transactions that occurred after Helix shuttered its operation.  This evidence therefore establishes that Mr. Harmon was the operator of Helix.  Furthermore, this evidence is admissible under 404(b) under several theories, as detailed in the government's motion.  ECF No. 73 at 16-18.

The defendant challenges the admission of other-act evidence on what the defendant calls "undisputed facts" – namely, Mr. Harmon's identity as the operator of Helix, which he "conceded

… long ago." ECF No. 104 at 7.  While Mr. Harmon has made the strategic decision not to dispute the Government's strong attribution evidence, Government will still need to introduce evidence at trial to prove to the jury – who has not been party to any of the extensive pretrial litigation – that the defendant operated Helix.  Furthermore, the Supreme Court holding in *Old Chief* is clear that, records of past convictions notwithstanding, "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Old Chief v. United States*, 519 U.S. 172, 189, 117 S. Ct. 644, 654 (1997).  The D.C. Circuit applied this ruling to potential other bad acts evidence, noting, "despite a defendant's unequivocal offer to stipulate to an element of an offense, Rule 404(b) does not preclude the government from introducing evidence of other bad acts to prove that element." *United States v. Crowder*, 141 F.3d 1202, 1203 (1998).

The defendant also objects to admitting various financial crime evidence because its relevance to the forfeiture phase of the trial has "no bearing" on whether the evidence should be admitted at trial.  As an initial matter, relevance to forfeiture was one of multiple alternative bases for considering the evidence intrinsic to the government's case in chief, rather than 404(b).  The evidence is admissible regardless of its connection to the forfeiture proceedings.  Furthermore, pursuant to Federal Rule of Criminal Procedure 32.2(b), the forfeiture determination "may be based on evidence *already in the record*" (emphasis added), in addition to additional evidence submitted during the forfeiture phase.  Fed. R. Crim. Pro. 32.2(b).  The government has some discretion as to how it presents its forfeiture case; in order to tell a compelling, understandable story to the jury, evidence relevant to forfeiture will often be interwoven into the presentation of trial evidence.  This is likely to be the approach in this case.

## **CONCLUSION**

The government respectfully requests permission to introduce the evidence described in its previous motion, ECF No. 73, as intrinsic evidence and/or other crimes evidence pursuant to Fed. R. Evid. 404(b).

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By:      /s/ *C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
1301 New York Ave. N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov