# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:19-cr-00395 |
| | § | |
| LARRY DEAN HARMON | § | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO REQUIRE ADEQUATE NOTICE OF GOVERNMENT EXPERT TESTIMONY

NOW COMES Larry Harmon, by and through his attorney, Charles Flood, and in accordance with the Minute Order issued on July 26, 2021, files this reply is support of his Motion to Require Adequate Notice of Government Expert Testimony [ECF 107].

The government's additional notice of expert testimony [ECF 109] goes a long way towards explaining what testimony the government seeks to elicit from their named expert witnesses Alexandra Comolli and Matthew St. Jean. Taking them in reverse order, based on the government's pleading it appears that Mr. St. Jean will not offer any expert opinion testimony but will solely provide fact based testimony based on his forensic examination of seized items. The only potential St. Jean testimony that Harmon would maintain his objection to would be based on the government's characterization of his testimony involving "a cryptocurrency exchange used in the laundering of the Helix funds." The terms "laundered" and "funds" are both objectionable in that they make legal conclusions within the province of the jury.

**Alexandra Comolli**

The proposed testimony of Alexandra Comolli is more troublesome. The government outlines ten different topics upon which Ms. Comolli may testify. While much of this testimony is similar to Mr. St. Jean's testimony and involves observations made during investigations, the opinion testimony outlined in numbers 8 and 9 is more troublesome. That portion of the response identifies three opinions that Ms. Comolli will offer. Specifically the government seeks to elicit testimony about "the features of mixers, including Helix, that make them most popular with criminals"; "how mixers serve to promote the underlying criminal activity"; and perhaps most importantly that "the vast majority of mixer users are engaged in criminal activity." The response does not state the bases and reasons for these three opinions. The response identifies no underlying data for these opinion and offers no methodology utilized to reach these conclusions. Rule 702 requires that this Court determine whether Ms. Comolli's opinion is "based on sufficient facts or data" and whether she applied reliable principles and methods to the facts of the case. Fed. R. Evid. 702(b)-(d). These opinions do not rest on any known data or methodology of any kind.

Pursuant to both Rule 702 and Rule 403, Harmon objects to the government's proposed testimony of Ms. Comolli in points 8 and 9 on pages 7 – 8 of the government's response, ECF 109.

Respectfully submitted,

*/s/ Charles Flood*
Charles Flood
Flood & Flood Law Office
914 Preston at Main, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8879
charles@floodandflood.com
Texas Bar License# 00798178
Fed I.D. 22508
*Counsel for Defendant Larry Dean Harmon*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Charles Flood*
Charles Flood