

FILED
NOV 15 2024
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 19-cr-395 (BAH) |
| : | |
| LARRY DEAN HARMON, : | |
| : | |
| Defendant. : | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

**WHEREAS**, a written plea agreement was filed with this Court and signed by defendant Larry Dean Harmon, and his counsel, Charles Flood, in which the defendant agreed to plead guilty to Count One of the Indictment, Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956, and the defendant has pled guilty to that offense;

**WHEREAS**, the Indictment alleged the forfeiture of any property, real or personal, involved in the violation alleged in Count One, and any property traceable to such property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

**WHEREAS**, the Indictment and Amended Bill of Particulars for Forfeiture also alleged the forfeiture of specific properties;

**WHEREAS**, the Indictment further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States for a sum of money equal to the value of any property, real or personal, involved in the violation of the offense alleged in Count One, and any property traceable to such property, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1);

**WHEREAS**, in his plea agreement, the defendant agreed to the forfeiture of specific properties and the entry of a forfeiture money judgment at sentencing in the amount of

1

$311,145,854, which is equal to the value of any property, real or personal, involved in the violation alleged in Count One, and any property traceable to such property, which property is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1);

**WHEREAS**, in his plea agreement, the defendant agreed that his financial interest in Airfill Hodling AB ("Airfill"), a company located in Sweden, held in the name Larry D. Harmon and/or Coins 4 All LLC, represented property, real or personal, involved in the violation alleged in Count One, or property traceable to such property, and that it was subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1); and the defendant further agreed to liquidate his financial interest in Airfill in a commercially reasonable manner and remit the net proceeds to the United States as specific property subject to forfeiture; and the defendant did, in fact, liquidate his financial interest in Airfill and remit the net proceeds of $345,000 to the government, which is now reflected as item (u) in the Amended Attachment A attached hereto;

**WHEREAS**, the government lawfully seized additional cryptocurrency assets traceable to the operation of Helix, and thereby representing property, real or personal, involved in the violation alleged in Count One, or property traceable to such property, from the possession of Gary James Harmon, which items are now reflected as items (v) through (bb) in the Amended Attachment A attached hereto;

**WHEREAS**, in *United States v. Gary James Harmon*, D.D.C. No. 21-cr-433 (BAH), the Court imposed a Consent Preliminary Order of Forfeiture imposing a forfeiture money judgment and ordering the forfeiture of specific properties; and this Court finds, based upon the evidence and information before it, including defendant Gary Harmon's plea agreement and Statement of the Offense and Related Conduct and the defendant's plea agreement, and the defendant's

Statement of the Offense and Related Conduct in this case, that the specific properties ordered forfeited in *United States v. Gary James Harmon* represent property, real or personal, involved in the violation alleged in Count One of this case, and any property traceable to such property;

***WHEREAS***, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that (1) any property, real or personal, involved in the violation alleged in Count One, and any property traceable to such property, is subject to forfeiture; (2) the specific property identified in Amended Attachment A hereto is subject to forfeiture, and the Government has established the requisite nexus between the property and the offenses; and (3) a personal money judgment against the defendant in the amount of $311,145,854 is appropriate; all pursuant to Title 18, United States Code, Section 982(a)(1);

***WHEREAS***, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

***WHEREAS***, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:***

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C): any property, real or personal, involved in the violation alleged in Count One, and any property traceable to such property. The specific properties listed in Amended Attachment A hereto are declared forfeited to the United States.

3

2. A forfeiture money judgment in the amount of $311,145,854 is entered against the defendant.

3. Upon final forfeiture of the specific property identified in Amended Attachment A and any substitute property, the net proceeds realized by the United States shall be credited towards the forfeiture money judgment of the defendant. In addition, the net proceeds realized by the United States collected from the defendant Gary James Harmon pursuant to any forfeiture order issued in *United States v. Gary James Harmon*, D.D.C. No. 21-cr-433 (BAH), shall be credited towards the forfeiture money judgment of the defendant in this case.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

6. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant and shall be made part of the sentence and included in the judgment.

7. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

8. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this 15 day of November, 2024.

/s/ Beryl A. Howell
THE HONORABLE BERYL A. HOWELL
UNITED STATES DISTRICT JUDGE

## AMENDED ATTACHMENT A

a. The real property located at 3853 Yellow Creek Dr, Akron, Ohio, more particularly described as Sublot 74 in the Sanctuary of Bath Subdivision Phase II, as recorded in Plat Cabinet B, Slides 566-573 of Summit County, Ohio records;

b. The real property located at 351 N Messner Rd, Akron, Ohio, more particularly described as all of Lot Number 91 and East ½ of lot 92 front and rear in the Nimisila Heights Second Addition as recorded in Plat Book 43, Page 25 of Summit County Records;

c. $84,488.52 held in a U.S. Treasury suspense account, representing the net proceeds from the interlocutory sale of the real property located at 3838 Brecksville Road, Richfield, Ohio, more particularly described as Lot Number 21, Tract 1, Parcel Number: 50-00947;

d. $73,546.61 seized from PNC Bank account number ending in 0893 in the name of HARMON WEB INNOVATIONS INC;

e. $28,576.86 seized from PNC Bank account number ending in 3593 in the name of LARRY D HARMON MARGO C HARMON;

f. $32,082.58 seized from PNC Bank account number ending in 0869 in the name of COIN NINJA LLC;

g. $6,822.17 seized from PNC Bank account number ending in 0885 in the name of GRAMGRAM LLC;

h. $3,214.19 seized from PNC Bank account number ending in 0877 in the name of HARMONY PROPERTY MANAGEMENT INC;

i. $2,311.27 seized from PNC Bank account number ending in 0041 in the name of BLOCKCHAIN GROUP LLC;

j. $1,091.75 seized from PNC Bank account number ending in 6453 in the name of PINK VELVET STUDIO LLC;

k. $1,750.30 seized from PNC Bank account number ending in 3606 in the name of LARRY D HARMON MARGO C HARMON;

l. $1,358.35 seized from PNC Bank account number ending in 8166 in the name of HARMONY PROPERTY MANAGEMENT INC;

m. $102,967.41 seized from PNC Bank account number ending in 8221 in the name of ROCKY HOLD LLC;

n. Approximately 330.25648625 in Bitcoin (BTC) (after required fees) seized from BlockFi Bitcoin Interest Savings Account number ending in da9c;

o. One 2018 Tesla Model 3 with VIN 5YJ3E1EA8JF010185, seized from 3853 Yellow Creek Dr, Akron, Ohio;

p. Approximately 0.18803781 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 57/59 E Market Street, 3rd Floor, Akron, Ohio;

q. Approximately 1.28428915 Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 57/59 E Market Street, 3rd Floor, Akron, Ohio;

r. Approximately 0.00234138 Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 57/59 E Market Street, 3rd Floor, Akron, Ohio;

s. Approximately 4,168.981641 Bitcoin (BTC) (after required fees) seized from one Trezor Model T recovered from 57/59 E Market Street, 2nd Floor, Akron, Ohio;

t. Approximately 1,006.2 Ethereum (ETH) (after required fees) seized from one Ledger Blue hardware wallet device;

u. Approximately $345,000 held in a U.S. Treasury suspense account, representing the net proceeds from the liquidation of Harmon's interest in Airfill Hodling AB ("Airfill") held in the name of Larry D. Harmon and/or Coins 4 All LLC;

v. Approximately 7.764 Ethereum (ETH) (after required fees) previously stored on one Ledger Blue hardware wallet device;

w. Approximately 0.00072429 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

x. Approximately 0.00075574 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

y. Approximately 0.04915395 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

z. Approximately 0.07854295 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

aa. Approximately 0.0004841 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113; and

bb. Approximately 10.52504733 in Bitcoin (BTC) (after required fees) seized from a thumb drive recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.