UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 19-cr-395 (BAH) |
| : | |
| LARRY DEAN HARMON, : | |
| Defendant. : | |

**FREEDOM MORTGAGE CORPORATION'S VERIFIED THIRD-PARTY
CLAIM AND PETITION ASSERTING LEGAL INTEREST
IN PROPERTY SUBJECT TO FORFEITURE**

Pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2, Freedom Mortgage Corporation ("Freedom Mortgage" or "Petitioner") files its Verified Third-Party Claim and Petition Asserting Legal Interest in Property Subject to Forfeiture (the "Petition") and respectfully requests relief from forfeiture of certain real property described in the Court's Amended Preliminary Order of Forfeiture (Dkt. No. 155). In support thereof, Freedom Mortgage states as follows:

**I.    Factual Background**

1.    On July 28, 2016, Defendant executed and delivered to Petitioner's predecessor in interest that certain promissory note and mortgage memorializing indebtedness in the original principal amount of $417,000.00, secured by a first-priority security interest in the subject property, located at "3853 Yellow Creek Rd. W; Akron, OH 44333-1775" (the "Property"). A true and correct copy of the Promissory Note is attached hereto as **Exhibit A** (the "Note"), and a true and correct copy of the Mortgage delivered the same day and encumbering the Property is attached hereto as **Exhibit B** (the "Mortgage" and, together with the Note, the "Loan Documents").

1

2. In or around September 2016, the servicing of the Mortgage loan was transferred from Prime Lending to RoundPoint Mortgage Servicing Corporation ("RoundPoint"). A true and correct copy of the Notification of Servicing Transfer is attached hereto as **Exhibit C** (the "RoundPoint Transfer Notice").

3. The Borrower listed on the Loan Documents is "Larry D. Harmon, Jr." Ex. A at 3; Ex. B at 14. In or around February 2020, Mr. Harmon stopped making payments required under the Loan Documents. No payments have been made toward the Mortgage loan since that time, while various interest, costs, and fees have accrued in the meantime pursuant to the terms of the Loan Documents.

4. Under the clear terms of the Mortgage, in addition to all principal, interest, late payment fees, and requisite Escrow payments (Ex. B § 1), "any amounts disbursed by Lender" as "reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument"—including attorneys' fees and costs incurred should the Property become subject to a claim of forfeiture—"shall become additional debt of Borrower secured by this Security Instrument" (*id.* § 9).

5. In or around February 2022, foreclosure counsel at Reimer Law Co. ("Reimer") ran a title search and discovered a Notice of *Lis Pendens* encumbering the Property, which effectively prevented foreclosure. Upon information and belief, foreclosure counsel was advised by Mr. Christopher Brown (AUSA, District of D.C., U.S. DOJ) that lienholders would have the opportunity to submit a Petition pursuant to Fed. R. Crim. P. 32.2 after sentencing.

6. Shortly thereafter, RoundPoint engaged outside counsel at Baker Donelson Bearman Caldwell & Berkowitz ("Baker Donelson"), who sought to secure settlement and/or a carve-out of the amounts owed to RoundPoint given the interest accruing and Mr. Harmon's failure

to make continuing payments since February 2020. Those efforts were unsuccessful, as Mr. Harmon continued to reside at the Property pending sentencing. In the meantime, Mr. Brown requested that the undersigned counsel keep the Government updated as to the condition of the home and the amount of the loan to ensure available equity.

7. In or around May 2022, the servicing of the Mortgage loan was transferred from RoundPoint Mortgage Servicing Corporation to Petitioner. Petitioner's address is Freedom Mortgage Corporation, 951 Yamato Road, Suite 175, Boca Raton, FL 33431; and its tax identification number is **TIN #22-3039688**. A true and correct copy of the Notification of Servicing Transfer is attached hereto as **Exhibit D** (the "Freedom Transfer Notice").

8. The Current Unpaid Principal, Interest, Escrow, Recording Costs, Property Inspections, and Paid Title Searches total **$456,212.18** as of December 19, 2024. A true and correct copy of the Payoff Letter from foreclosure counsel is attached hereto as **Exhibit E** (the "Payoff Letter").

9. In addition, the Lender has incurred **$43,678.50** in legal fees and costs through November 30, 2024, in connection with its preservation of interest in the Property and rights under the Loan Documents. A true and correct copy of the Declaration of Lindsay E. Ray setting forth these amounts is attached hereto as **Exhibit F** (the "Ray Declaration").

## II. Relevant Procedural History

10. Upon information and belief, Defendant Harmon was sentenced on Friday, November 15, 2024.

11. Upon Mr. Harmon's sentencing, the Amended Preliminary Order of Forfeiture (the "Preliminary Order," Dkt. No. 155), which was entered on November 18, 2024. Amended

Attachment A to the Preliminary Order describes certain property to be forfeited, including the following:

> The real property located at 3853 Yellow Creek Dr, Akron, Ohio, more particularly described as Sublot 74 in the Sanctuary of Bath Subdivision Phase II, as recorded in Plat Cabinet B, Slides 566–573 of Summit County, Ohio records.

12.  On Wednesday, December 11, 2024, the undersigned counsel received confirmation from the Government that "Mr. Harmon was sentenced in November" and that the Government was "working on the formal notice process." Ex. F (Ray Decl.) ¶ 3.

13.  While formal statutory notice has not yet taken place, Petitioner now, in an abundance of caution, files its Petition contesting the forfeiture of its interest in the Property, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2. Petitioner is an "innocent owner," as contemplated by 18 U.S.C. § 983(d), and holds a first-priority mortgage lien against the Property.

### III.   Petitioner Is An Innocent Lienholder And Holds A First-Priority Security Interest

14.  Petitioner Freedom Mortgage asserts its vested legal interest in the Property pursuant to 21 U.S.C. § 853(n), by virtue of that Mortgage entered into between its predecessor-in-interest and Defendant Borrower on July 28, 2016. *See* Ex. B, the Mortgage.

15.  The Mortgage secures the Property as collateral for the Note (Ex. A, the Note), in which Freedom Mortgage is the current holder. *See* Exs. C, D (the Servicing Transfer Notices).

16.  By signing the Loan Documents, Mr. Harmon promised to "pay when due the principal of, and interest on, the debt evidenced by the Note and pay prepayment charges and late charges due under the Note," along with all "funds for Escrow Items." Ex. B § 1.

17.  Mr. Harmon further agreed that, should the Property become subject to any "legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument," the amounts disbursed by Lender "reasonable or appropriate to protect

4

Lenders interest in the Property and rights under this Security Instrument," including attorneys' fees and related costs, "shall become additional debt of Borrower secured by this Security Instrument." Ex. B § 9.

18. 18 U.S.C. § 983(d) is clear that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." Such an innocent owner or lienholder is one who (i) "did not know of the conduct giving rise to forfeiture" or (ii) "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). Or, if the interest is acquired after the subject criminal conduct took place, an innocent owner or lienholder is one who (i) was a "bona fide purchaser or seller" and (ii) "did not know and was reasonably without cause to believe that the property was subject to forfeiture."

19. Where a mortgage agreement provides for recovery of costs and attorneys' fees, the innocent lienholder can recover those amounts expended in protecting its security interest in the property to be forfeited. *See, e.g., United States v. Harris*, 246 F.3d 566, 574 (6th Cir. 2001); *United States v. Real Prop. Located at 41741 Nat. Trails Way, Daggett, Cal.*, 989 F.2d 1089, 1091 (9th Cir. 1993); *United States v. Real Prop. Located at 2471 Venus Drive, Los Angeles, Cal.*, 949 F.2d 374, 376 (10th Cir. 1991); *United States v. Federal Nat'l Mortg. Ass'n*, 946 F.2d 264, 267 (4th Cir. 1991); *United States v. Six Parcels of Real Prop. Situated in Blount Cnty., Tenn.*, 920 F.2d 798, 799 (11th Cir. 1991).

20. As set forth above, the amounts owed by Mr. Harmon to Petitioner pursuant to the Loan Documents total **$499,890.68** and counting. *See* Exs. E, F.

21. At no point prior to the February 2022 discovery of the *Lis Pendens* did Petitioner or any of its predecessors-in-interest have any knowledge of Mr. Harmon's criminal activities that

5

form the basis of the judgment against him, and Petitioner further disclaims any prior knowledge or reason to believe that the Property would have be used or obtained in violation of the law or with proceeds of any criminal activity.

22. Freedom Mortgage is therefore an innocent lienholder with a first-priority, perfected security interest in the Property, which was pledged to secure Mr. Harmon's obligations under the Loan Documents. Freedom Mortgage's interest in the Property is senior to that of the Government, and the value of the Property necessary to satisfy Mr. Harmon's obligations—which is presently **$499,890.68**—"shall not be forfeited," pursuant to the provisions of 18 U.S.C. § 983(d).

23. Petitioner respectfully preserves all rights to interest, attorneys' fees, and costs that may be available under the Loan Documents and applicable law.

### IV. Hearing To Adjudicate The Final Amount

24. Should there be any question or dispute as to whether it is entitled to the amounts sought herein, Petitioner respectfully requests that the Court schedule a hearing regarding this Petition, pursuant to 21 U.S.C. § 853(n)(2).

Now, therefore, Freedom Mortgage respectfully requests that its Petition be granted, that (if necessary) a hearing be set to adjudicate Freedom Mortgage's interest in the Property, and that it be granted all other relief, in law or equity, to which it may justly be entitled.

Respectfully submitted this 18th day of December 2024,

/s/ *Sean B. O'Connell*
Sean B. O'Connell (*D.C. Bar No. 1721451*)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
901 K Street, N.W., Suite 900
Washington, DC 20001
(202) 508-3435
soconnell@bakerdonelson.com

*- and -*

Lindsay E. Ray (*to be admitted* pro hac vice)
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-7318
lray@bakerdonelson.com

*Attorneys for Petitioner Freedom Mortgage Corporation*

## VERIFICATION

STATE OF INDIANA

COUNTY OF HAMILTON

I, Tanya Tarver, Director of Litigation at Freedom Mortgage Corporation, verify under penalty of perjury, as provided by law, that the foregoing Third-Party Claim and Petition is true and correct to the best of my knowledge, information, and belief.

_____
Tanya Tarver

SWORN to and subscribed before me, this the 17th day of December, 2024.

CHARLES LEMONS
Notary Public - Seal
Hamilton County - State of Indiana
Commission Number NP0747157
My Commission Expires Feb 26, 2031

_____
NOTARY PUBLIC

My Commission Expires:

02-26-2031

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Clerk and served via the CM/ECF online filing system with the U.S. District Court for the District of Columbia, which will automatically send email notification to all counsel of record.

In addition, a hardcopy of the foregoing will be sent to the following:

C. Alden Pelker
Deputy Director, National Cryptocurrency Enforcement Team
Computer Crime & Intellectual Property Section
Criminal Division, U.S. Department of Justice
10th & Constitution Ave., NW
John C. Keeney Building, Suite 600,
Washington, DC 20530
Catherine.Pelker@usdoj.gov
202-616-5007

Respectfully submitted this 18th day of December 2024,

/s/ *Sean B. O'Connell*
Sean B. O'Connell (*D.C. Bar No. 1721451*)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
901 K Street, N.W., Suite 900
Washington, DC 20001
(202) 508-3435
lray@bakerdonelson.com

*- and -*

Lindsay E. Ray (*to be admitted* pro hac vice)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
(615) 726-7318
lray@bakerdonelson.com

*Attorneys for Petitioner Freedom Mortgage Corporation*